298 So.2d 561 (1974)
Carlos E. MOORE, Appellant,
v.
STATE of Florida, Appellee.
Robert Lee MARTIN, Appellant,
v.
STATE of Florida, Appellee.
John RIM, Appellant,
v.
STATE of Florida, Appellee.
Michael J. KEENY, Appellant,
v.
STATE of Florida, Appellee.
James Kelly HAMLIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. V-20, V-53, V-115, V-198 and V-346.
District Court of Appeal of Florida, First District.
August 20, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen. [V-20]; Enoch J. Whitney, Asst. Atty. Gen. [V-53]; Wallace E. Allbritton, Asst. Atty. Gen. [V-198]; Andrew M. Lindsey, Asst. Atty. Gen. [V-115]; and Richard W. Prospect, Asst. Atty. Gen. [V-346], for appellee.
SPECTOR, Judge.
Appellants in these cases, which have been sua sponte consolidated for decision here, have filed a motion for an order directing the court reporter to prepare a transcript of their respective trial proceedings or, in the alternative, to compel (presumably appellants mean direct) the trial court to enter such an order.
Appellant Moore was convicted of robbery and sentenced to life imprisonment; appellant Martin for assault and battery, a *562 one year sentence; appellant Keeny for breaking and entering with intent to commit a misdemeanor, a one year sentence; appellant Rim for robbery and possession of a firearm, a life sentence; and appellant Hamlin for robbery, a life sentence.
Each of the appellants filed a timely notice of appeal and the cases were assigned to the Public Defender of the Second Judicial Circuit to handle on appeal. As a routine matter, the public defender filed directions to the clerk to prepare the record on appeal to include all documents, testimony and exhibits. Additionally, the public defender routinely moved the trial court for an order directing the court reporter to transcribe notes of all proceedings, including arraignment, hearings, trial and sentencing. The trial court denied the latter motion for the stated reason that the requested transcripts were not within the scope of any assignments of error, it appearing that there had been no assignments of error filed when the motion for transcript of testimony was made. We agree with the court below and deny the motion.
Florida Appellate Rule 3.6(g) (2) states in material part as follows:
"(2) Contents and Form. No matter shall be included in the transcript of record that is not within the scope of the assignments of error. All pleadings, evidence and other matters not essential to the decision of said points shall be omitted... ."
An examination of the above rule, makes it clear that before a matter, including the transcript of trial testimony, may be included in the record on appeal, it must first appear that such matter is related to an assignment of error which has been filed in the trial court. In these cases it appears that no assignments of error have been filed. Accordingly, there is no basis in the record to support appellant's motion for an order requiring the trial testimony to be transcribed and furnished to appellants at taxpayer expense. For aught that appears in these records before us, the appellants may be desirous of raising points on appeal which do not inhere in the trial testimony. If that be the case, what will it profit them or the State to needlessly expend public funds to obtain trial transcripts which are not necessary to their appeal.
While the rule is well settled that an indigent is entitled to a free transcript for his criminal appeal, it is equally well settled that the State will not be required to pay for a trial transcript, the need for which has not been demonstrated by the tenor of the assignments of error. See Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, and this court's recent decision in Cueni v. State, Case No. U-302, opinion filed July 18, 1974, not yet reported.
In Cueni, supra, we reiterated the holding of the Draper court that a stenographic transcript must be provided only if the trial testimony is necessary to decide the issues raised. Thus, it is inescapable that before an indigent's entitlement to a free transcript can be determined, the case file must reflect assignments of error which can be vindicated only by examination of the trial transcript. For, as stated by the United States Supreme Court, if a criminal appellant's sole issue on appeal is the constitutionality of a statute or the sufficiency of an information, no transcript is necessary to adjudicate such claims.
It is contended by appellants' counsel that he does not know what errors to assign on appeal until he has reviewed the transcript. That contention ignores the existence of trial counsel who is familiar with the case and does know what errors should be assigned. A simple communication with the trial defense lawyer will provide the necessary information to the appellate lawyer and at the same time will save the already overburdened taxpayer countless dollars being wasted on unnecessary transcripts.
*563 The problem created by needless requests for trial transcripts can largely be avoided if the several courts of this State having criminal jurisdiction were to adopt an administrative rule whereunder the public defender representing the indigent at trial is not relieved of his duties until he has filed the notice of appeal if an appeal is desired and he is so notified and until he has filed assignments of error, directions to the clerk and the designations to the reporter. An administrative order to that effect was recently entered in the Eighth Judicial Circuit, and we include a copy of it as an appendix to this opinion in the hopes that it may serve as a useful guide in other circuits where there exists a similar problem.
We wish to emphasize that where an assignment of error raises matters which inhere in the transcript of testimony, an indigent defendant is entitled to a free transcript of the testimony for use in his appeal. However, where that is not the case, furnishing a useless transcript not only burdens the public treasury but, and perhaps even more importantly, it places an undue burden on an already understaffed and overworked corps of court reporters whose volume of business is such that they are unable to expeditiously produce trial transcripts in accordance with the time schedules provided by the appellate rules. Indeed, a recent survey conducted by the Clerk of this Court reflects that criminal appeals often reside in the bosom of the court reporter awaiting the production of the trial transcript longer than the time it takes for the appellate court to dispose of the appeal once the transcript and briefs have been filed. The bottleneck in the disposition of criminal appeals created by overburdening court reporters with requests for useless transcripts can be alleviated considerably by following the principles enunciated herein.
Motions are denied.
RAWLS, C.J. and JOHNSON, J., concur.

APPENDIX
 IN THE CIRCUIT COURT
 OF THE EIGHTH JUDICIAL
 CIRCUIT OF FLORIDA
 ADMINISTRATIVE OFFICE
 CRIMINAL DEPARTMENT
IN RE: CRIMINAL APPEALS

GENERAL ADMINISTRATIVE ORDER NO. 5 (1974)
The undersigned as Administrative Judge of the Criminal Department desiring to insure a defendant the right to fully and fairly prosecute an appeal in any criminal proceeding, and being concerned with the time delay resulting from unnecessary directions to Court Reporters to transcribe the entire trial record where counsel has failed to comply with Florida Appellate Rules by seeking only that part of the record within the scope of the Assignments of Error, and being further advised and taking notice of the "form" motion for an Order directing the Clerk of the Court to transfer all exhibits to the Appellate Court without defendant assigning grounds of error in said appeal necessitating or making germane said exhibits, and being of the opinion that trial counsel is best equipped to properly draft the hereinafter identified appellate documents,
It is accordingly
ORDERED AND ADJUDGED that:
1. The attorney of record for a defendant in a criminal trial shall not be relieved of his duties, or be permitted to withdraw, except for good cause shown upon written motion and hearing until
A. The following have been filed:
a. notice of appeal;
b. assignments of error;
c. directions to the clerk;
d. designation of the portions of the reporter's transcript necessary to support the assignments of error;
*564 or
B. The time has expired for the filing of notice of appeal, and no such notice has been filed.
2. Upon motion the Court shall determine what pleadings, records, exhibits, evidence and other matters, including the extent of the transcript of trial proceedings, that are within the scope of the assignments of error that are necessary and germane to an appeal to be transferred to the Clerk of the appropriate Appellate Court.
DONE AND ORDERED in Chambers at Gainesville, Alachua County, Florida, this 24th day of April, A.D., 1974.
 (s) Theron A. Yawn, Jr. 
 THERON A. YAWN, JR.
 Administrative Judge, Criminal Department
 APPROVED:
(s) John J. Crews 
 JOHN J. CREWS, Chief Judge