PER CURIAM.
Appellant seeks reversal of his conviction, entered pursuant to a guilty plea, of assault with intent to commit a felony, to wit: robbery.
The sole issue raised on appeal is whether appellant was denied his constitutional right to an appellate review of his conviction by the trial court’s refusal to order transcribed the proceedings surrounding the entry of his plea of guilty. It should be noted that in the Motion for Order Requiring Transcript filed below, the assistant public defender stated that he could not “in good conscience assign any error to the proceedings in this court.” The assignments of error later filed by the Second Circuit’s Public Defender’s Office relate solely to the trial court’s refusal to grant appellant’s motion for a transcript. There is no mention whatsoever concerning appellant’s plea or the jurisdiction of the trial court.
This Court has previously decided the issue raised in this appeal adversely to appellant in the cases of Moore v. State, 298 So.2d 561 (Fla.App. 1st, 1974), Winters v. State, Case No. X-103, and Martin v. State, Case No. X-173 (Orders filed March 5, 1975). Also see Cueni v. State, 303 So.2d 411 (Fla.App. 1st, 1974) cert. den. on March 13, 1975, 310 So.2d 738. Upon the authority of the above cited cases, the judgment and sentence appealed herein is affirmed.
JOHNSON, Acting C. J., and BOYER and MILLS, JJ., concur.