MILLS, Judge.
Appellant, an indigent defendant, contends his constitutional rights have been violated by the refusal of the trial court to order the court reporter to prepare a transcript of all proceedings, and subsequent refusal to order preparation of a transcript of the proceedings at which the defendant entered his plea of guilty, was adjudicated guilty, and sentenced.
Pursuant to plea bargaining, defendant pled guilty to the charge of robbery, was adjudicated guilty, and sentenced to life.
The Public Defender of the Eighth Judicial Circuit represented defendant in the trial court, and filed a notice of appeal on his behalf. This Public Defender then designated the Public Defender of the Second Judicial Circuit to handle the appeal. The Public Defender of the Second Judicial Circuit filed a motion for order directing the court reporter to prepare a transcript of all proceedings. The trial court denied the motion on the premise that an indigent defendant is entitled only to that part of the proceedings falling within the scope of his assignments of error. At this time, no assignments of error had been filed. Several months later, the designated public defender filed a motion for order directing the court reporter to transcribe the proceedings at which he pled guilty, was adjudicated guilty, and sentenced. The trial court denied this motion on authority of its General Administration Order No. 5 (1974) and this Court’s decision in Moore v. State, 298 So.2d 561 (Fla.App.1974). Still no assignments of error had been filed. Several months after entry of this order, defendant filed assignments of error in which he raised the above issue. We agree with the trial court and affirm.
Florida Appellate Rule 3.6(g)(2) states that no matter shall be included in the transcript of record that is not within the scope of the assignments of error. No assignments of error were filed in this case until months after the trial court had disposed of defendant’s two motions. Therefore, there was no basis to support defendant’s motions to order the court reporter to prepare a transcript of the proceedings. Moore v. State, 298 So.2d 561 (Fla.App.1974).
In Cueni v. State, 303 So.2d 411 (Fla.App.1974), this Court held that entitlement to a transcript of proceedings must be determined in the context of the substantive law surrounding the assignments of error raised. [Certiorari denied, Cueni v. State, 310 So.2d 738 (Fla.1975)]. As no assignments of error had been filed at the time the motions were presented, the trial court had no basis upon which to make their determination.
The designated public defender urges that without a transcript he does not know what errors to assign on appeal. The answer to this is communicate with the trial public defender, who should be familiar with the case and should know what errors to assign. In this regard, the record contains an affidavit from the trial public defender that to the best of his knowledge no error was made by the trial court.
It is also contended that General Administration Order No. 5 (1974) is void, as it has not been approved by the Supreme Court as required by Civil Procedure Rule 1.020(c). [See also Criminal Procedure Rule 3.025(b), State v. Garrett, 310 So.2d 751 (Fla.App.1975)]. There is *807 nothing in the record before us which shows whether or not the Supreme Court has approved the general administration order, therefore, we must presume that it has. Based on the record, this contention is without merit as it appears from the trial court’s first order of denial that it was not premised on the general order, and the second order of denial, though based on the general order, was also based on the Court’s decision in Moore v. State, supra.
Affirmed.
BOYER, C. J., and McCORD, J., concur.