PER CURIAM.
Appended hereto is a new provision to Florida Rule of Appellate Procedure 9.140, *845 designated as 9.140(b)(3), and a new provision to Florida Rule of Criminal Procedure 3.111, designated as 3.111(e), both entitled Withdrawal of Defense Counsel after Judgment and Sentence. The content of these rules was formerly the subject matter of administrative orders of a general and continuing nature of several judicial circuits. The Supreme Court Rules Advisory Committee, pursuant to its responsibility under Florida Rule of Judicial Administration 2.050(e)(3), determined that these administrative orders are invalid because their subject matter exceeds the scope of an administrative order defined in Florida Rule of Judicial Administration 2.020(c). The chief judges of the twenty judicial circuits unanimously recommended that the subject matter of these administrative orders be adopted as a statewide rule of practice and procedure. We agree with the chief judges that a rule relating to withdrawal of defense counsel after judgment and sentence should be adopted.
So that all interested parties may have an opportunity to present their objections or suggestions before the effective date of these rules, we invite interested parties to submit to the Court no later than December 1, 1979, any comments concerning these rules. Any proposal for change should contain the precise language the party would have this Court add, delete, or change.
Absent any modification by this Court before January 1, 1980, these rules shall take effect at 12:01 a. m., January 1, 1980.
It is so ordered.
ENGLAND, C. J., and ADKINS, OVER-TON, ALDERMAN and McDONALD, JJ., concur.
BOYD and SUNDBERG, JJ., dissent.
FLORIDA RULES OF APPELLATE PROCEDURE
RULE 9.140
APPEAL PROCEEDINGS IN CRIMINAL CASES

(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal:
(A) a final judgment adjudicating guilt;
(B) an order granting probation, whether or not guilt has been adjudicated;
(C) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) an illegal sentence; and
(E) a sentence when required or permitted by general law.
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.
(2) Commencement. The defendant shall file the notice prescribed by Rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following the entry of a written order imposing sentence. Copies shall be served on the State Attorney and Attorney General.

(3) Withdrawal of defense counsel after judgment and sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of his duties, or be permitted to withdraw as counsel of record, except with approval of the lower tribunal upon good cause shown upon written motion, until after

(A) the following have been filed:

1. Notice of appeal;

2. Statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;

3. Directions to the clerk; and

4. Designation of that portion of the reporter’s transcript necessary to support the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds.

*846
Or:

(B) The time has expired for the filing of notice of appeal, and no such notice has been filed.

(3) (4) Briefs. Defendant’s initial brief shall be served within 80 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.

FLORIDA RULES OF CRIMINAL PROCEDURE
RULE 3.111
PROVIDING COUNSEL TO INDIGENTS

(e) Withdrawal of defense counsel after judgment and sentence. Withdrawal of defense counsel after judgment and sentence is governed by Florida Rule of Appellate Procedure 9.140(b)(3).