378 So.2d 899 (1980)
Richard REED, Appellant,
v.
STATE of Florida, Appellee.
No. LL-196.
District Court of Appeal of Florida, First District.
January 9, 1980.
Raymond L. Williams, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.

ON MOTION TO WITHDRAW
PER CURIAM.
An assistant public defender of the Fourteenth Judicial Circuit has filed a motion to withdraw as appellant's attorney, contending that he cannot comply with our prior order directing him either to proceed as counsel or file a motion to withdraw in accordance with the procedure stated in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He correctly observes that Anders requires a motion to withdraw "be accompanied by a brief referring to anything in the record that might arguably support the appeal." He states that he cannot file a brief referring to the record because he previously filed a statement before the trial court that he was unable to file assignments of error or a statement of judicial acts to be reviewed. As a result, the trial court, following the procedure which we had approved in Moore v. State, 298 So.2d 561 (Fla.1st DCA 1974), denied his request for a trial transcript. He concludes that he cannot comply with Anders *900 in the absence of a record and so can do nothing further on appellant's behalf.
We sympathize with the quandary the public defender complains of, but we think he can do more. In Moore v. State, supra, we held that an indigent was not entitled to a transcript at state expense for the reason that the requested transcript was not within the scope of any assignments of error when the motion was made. The Moore decision was based primarily upon an interpretation of the 1962 appellate rules. For example, Rule 6.8 required the appellant to file a motion before the trial court for an order directing the reporter to transcribe his notes of the proceedings or such part as was requested by the motion. There is no similar requirement in the 1977 appellate rules. It is now required by Fla.R.App.P. 9.140(d) that trial counsel for the defendant serve, within 10 days after filing the notice, a statement of the judicial acts to be reviewed and a designation to the court reporter directing him to prepare only so much of the proceedings as fairly supports the issues raised. This designation does not, as required by former Rule 6.8, depend upon prior court approval.[1] Additionally, Rule 3.6(g)(2) of the 1962 appellate rules prohibited any matter from inclusion in the transcript of record which was not within the scope of the assignments of error. Assignments of error are no longer permitted. Fla.R.App.P. 9.040(e). A statement of judicial acts is not intended to be the equivalent of assignments of error under former Rule 3.5, and any error or inadequacy in the statement is not relevant to the disposition of the case. See committee note to Fla.R. App.P. 9.140(d). To the extent that the Moore decision relied upon appellate rules which have since been superseded, it must be considered no longer applicable to the procedure which now controls the preparation of the record for indigent appellants.[2]
We do not feel that an attorney has discharged his obligation to his client by simply filing a statement that he cannot refer to any judicial acts to be reviewed and then asking permission to withdraw, if the effect of his no-merit statement denies a transcript to his indigent client who, contrary to his attorney's representations, contends the existence of errors. Such a procedure smacks of the same treatment indigents received in the State of Washington, where a trial judge was permitted to withhold a transcript if he concluded a defendant had received a fair trial and no prejudicial errors had occurred, Eskridge v. Washington State Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958), or he concluded the appeal was frivolous. Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). In both cases, the procedure was condemned by the United States Supreme Court as an inadequate substitute to the right of full appellate review available to all defendants in the state who could afford the expense of a transcript.
A summary of relevant United States Supreme Court cases involving an indigent's right either to a record or an attorney on appeal shows that in all cases the indigents themselves raised errors which allegedly had occurred during trial. E.g., Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Eskridge v. Washington State Board, supra; Draper v. Washington, supra; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The recurring theme implicit throughout all the cases is the same: The evil to be avoided is a system which discriminates in favor of the person seeking review of alleged errors who can afford both a record and an attorney, to the detriment of the indigent who cannot, while also alleging the existence of errors. Absolute equality is not required  a state may, consistently "with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an `invidious discrimination.'" Douglas v. California, *901 supra, 372 U.S. at 356, 83 S.Ct. at 816, 9 L.Ed.2d at 814. An indigent's constitutional right to an appeal as effective as that of the wealthy defendant presumes the existence of appellate contentions. Or, as stated in Draper v. Washington, supra:
In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds  the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions. 372 U.S. at 496, 83 S.Ct. at 779, 9 L.Ed.2d at 906 (e.s.).
Conversely, when no contentions are raised by the indigent, the necessity for providing him with an equivalent appeal disappears.
While Rule 9.140(d) requires the trial attorney (in conjunction with appellate counsel, whenever possible) to file the statement, we do not interpret the Rule as precluding a transcript solely upon a no-merit representation by the attorney. We think the Anders decision requires the attorney to do more: That he first advise his client that in his professional opinion no error occurred during the trial proceedings and he cannot in good conscience file a statement of judicial acts to be reviewed. The attorney should then request his client to inform him, if he can, of any error which he believes transpired. If the defendant responds and designates specific errors, then the attorney should file with the trial court his client's statement of the judicial acts sought to be reviewed and direct the court reporter to prepare a transcript of the proceedings in support of the issues raised by his client. We do not consider that Rule 9.140(d) permits a trial court to deny a transcript to be furnished to an indigent at public cost when either the indigent or the attorney files a statement of judicial acts to be reviewed, although the trial court may entertain motions by either party to reduce or expand the transcript. Alternatively, with his client's approval, the attorney may, as permitted by Fla.R.App.P. 9.200(a)(3), enter into a stipulated statement in lieu of the record with opposing counsel.[3] Once the designated portions of the record are prepared, the attorney shall file a brief referring to anything in the record or stipulated statement which may arguably support the issues raised by his client. The attorney is not required to brief his case against his client. Anders v. California, supra, 386 U.S. at 744-45, 87 S.Ct. 1396. He then shall serve a copy of the brief upon the defendant who may also file his own brief referring to any point he chooses.
Should the client not respond to his attorney's request for specific errors within a reasonable time, or should he reply that he is not aware of any error, we think the spirit of Anders will be satisfied by the attorney filing a motion to withdraw, with a copy served on his client, accompanied by an affidavit reflecting that he is unable to state the occurrence of any errors. He should also obtain from his client, if possible, a statement stipulating that he is unaware of any errors and that he agrees to his attorney's withdrawal. When both counsel and client fail to assert any error to appeal, we do not believe it is necessary for counsel to file a brief referring to anything in the record which might arguably support the appeal, nor  for that matter  is a record necessary.
In those limited instances where an indigent fails to specify the existence of trial errors, after being advised that his attorney is himself unable to do so, the attorney's motion to withdraw may be honored and no record need be prepared.[4] The appeal, however, *902 shall not then stand dismissed. The indigent will be permitted a reasonable length of time in which to file his own brief, if he so desires, and the reviewing court may still determine, if contentions are later raised, whether portions of the record may be necessary before disposing of the case.
The public defender's motion to withdraw is denied until he complies with the procedure stated in this opinion.
MILLS, C.J., and ERVIN and BOOTH, JJ., concur.
NOTES
[1] Although either party may move the court, after the statement is filed, to order the transcript reduced or expanded.
[2] Our opinion in Moore would also appear to be superseded by the procedure now required by the Supreme Court in its recent amendment to Fla.R.App.P. 9.140. See In re: Rule 9.140, 376 So.2d 844 (Fla. 1979).
[3] This alternative method was deemed an adequate substitute for a transcript in Draper v. Washington, supra. Regardless of which method is used, it is essential there be a "record of sufficient completeness" to permit proper consideration by an appellate court of the indigent's claims. Id.
[4] Fla.R.App.P. 9.140 has been amended effective January 1, 1980 by prohibiting the withdrawal of defense counsel after judgment and sentence until, among other things, he files a statement of judicial acts to be reviewed, and a designation of that portion of the transcript necessary to support the judicial acts sought reviewed. In re: Rule 9.140, supra at n. 2. We do not consider the procedure set out in our opinion at variance with that outlined by the Rule. The Rule's requirement that the above conditions first be met obviously contemplates that either the attorney or his client will file a statement of judicial acts. If the attorney states that he cannot in good faith do so and the client states he is unaware of any, or fails to respond to his attorney's request to supply him with any, after reasonable notice, we think the Rule's procedure will have been substantially complied with, and the attorney should be permitted to withdraw.