PER CURIAM.
In this appeal from a final judgment adjudicating appellant guilty of armed robbery and sexual battery, appellant’s counsel filed a brief, pursuant to Anders v. California,[1] in which he states that he has examined the record and that in his professional judgment no reversible error appears. Appellant filed a pro se brief asserting reversible error on several grounds. We find no evidence of reversible error on the grounds raised by appellant. However, our review of the record in this case reveals an issue not raised by the Anders brief or by appellant’s pro se brief.
Appellant was adjudicated guilty of sexual battery and armed robbery. The sentencing guidelines scoresheet recommended life imprisonment. Appellant was sentenced to a term of natural life with no parole for the sexual battery and to 30 years for the armed robbery, to run consecutive with the life sentence. By sentencing appellant to a consecutive term of 30 years for the armed robbery, the trial judge departed from the recommended guideline sentence, but he failed to include a written statement delineating the reasons for the departure, thereby violating Florida Rule of Criminal Procedure 3.701(d)(ll).
It could be argued that this failure to supply a written statement of the reasons for departure constitutes only “harmless error” because, under section 921.001(8), Florida Statutes (Supp.1984), appellant cannot be released from prison during his lifetime. Section 921.001(8) provides that a person convicted of crimes committed on or after October 1, 1983, shall be released from incarceration only upon expiration of his sentence, as reduced by accumulated gain time. It is illogical and inconsistent with section 944.275, Florida Statutes (1983) to assume that a life sentence could be reduced by accumulated gain time and it therefore follows that, where the recommended guidelines sentence is life, any sentence in excess of the recommended sentence does not result in a longer incarceration of the defendant. However, it is possible that appellant’s sentence could be commuted to a term of years[2] or that appellant could be granted clemency on the sexual battery charge,[3] without affecting the consecutive 30 year term for armed robbery. In either case, appellant would have been prejudiced by the trial court’s departure without written reasons.
Anders v. California does not require the appellate court to review the record in search of errors not raised by either appellant or his counsel. This court in Reed v. State, 378 So.2d 899 (Fla. 1st DCA 1980), suggested that the contentions raised by the appellant or by his counsel control the extent of the record which must be reviewed by the appellate court. The issue not having been raised by either appellant or his counsel, we decline to address the question of whether the trial court committed reversible error by departing from the recommended guidelines sentence without a written statement delineating the reasons for the departure. Because we deem it an issue of great public importance, we certify the following question:
WHETHER THE APPELLATE COURT IS REQUIRED TO REVIEW THE ENTIRE RECORD WHEN THE APPELLANT’S COUNSEL FILES A BRIEF PURSUANT TO ANDERS V. CALIFORNIA, STATING THAT NO GOOD FAITH ARGUMENT CAN BE MADE THAT REVERSIBLE ERROR HAS BEEN COMMITTED, AND IF SO, WHETHER THE APPELLATE COURT MUST CONSIDER POSSIBLE ERRORS INDICATED BY THE RECORD, BUT WHICH ARE NOT RAISED EITHER *877 BY APPELLANT OR BY HIS APPELLATE COUNSEL.
AFFIRMED.
THOMPSON and ZEHMER, JJ., concur.
BARFIELD, J., concurs in part and dissents in part, with written opinion.

. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), rehearing denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377.

. Sec. 944.30, Fla.Stat. (1983).

. Sec. 940.01, Fla.Stat. (1983).