WIGGINTON, Judge.
In this appeal from a final judgment adjudicating appellant guilty of battery, appellant’s counsel filed a brief pursuant to Anders v. California[1] in which he states that he has examined the record and researched the applicable law, and has concluded that no good faith argument can be made calling for reversal. Although afforded the opportunity by order of this Court, appellant did not file a pro se brief.
Our review of the record in this case reveals an issue as to whether the trial court properly imposed costs against appellant, payable to the Crimes Compensation Trust Fund and the Law Enforcement Training Fund, without notice and an opportunity to object. See Jenkins v. State, 444 So.2d 947 (Fla.1984). However, because that issue was raised neither by appellant nor his appellate counsel, we decline to address the question. Stokes v. State, 485 So.2d 875 (Fla. 1st DCA 1986).
Because we deem it an issue of great public importance, we again certify, as we originally did in Stokes, the following question:
WHETHER THE APPELLATE COURT IS REQUIRED TO REVIEW THE ENTIRE RECORD WHEN THE APPELLANT’S COUNSEL FILES A BRIEF PURSUANT TO ANDERS V. CALIFORNIA, STATING THAT NO GOOD FAITH ARGUMENT CAN BE MADE THAT REVERSIBLE ERROR HAS BEEN COMMITTED, AND IF SO, WHETHER THE APPELLATE COURT MUST CONSIDER POSSIBLE ERRORS INDICATED BY THE RECORD, BUT WHICH ARE NOT RAISED EITHER BY APPELLANT OR BY HIS APPELLATE COUNSEL.
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.

. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), rehearing denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377.