496 So.2d 971 (1986)
Julius SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. BM-40.
District Court of Appeal of Florida, First District.
November 4, 1986.
*972 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Royall P. Terry, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Defendant, Julius Smith, appeals a judgment entered on a jury verdict finding him guilty of burglary of a dwelling and grand theft. This case is before us pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), for review on the merits. The problem we now address arises from a policy adopted in most of the public defender offices in this state that trial counsel not serve as appellate counsel. See section 27.51(4), Florida Statutes (1985). Smith's trial counsel, an assistant public defender for the eighth judicial circuit, timely filed, pursuant to rule 9.140(d), Florida Rules of Appellate Procedure, the following statement of judicial acts to be reviewed:
1) The Court erred as a matter of law in denying Defense Motion in Limine.
2) The Court erred as a matter of law in denying Defense Motion For Judgment Of Acquittal at conclusion of the State's case.
3) The verdict of guilty rendered in the case is contrary, as a matter of law, to the evidence presented.
Smith's appellate counsel, an assistant public defender for the second circuit, filed a brief, purportedly in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Reed v. State, 378 So.2d 899 (Fla. 1st DCA 1980), which did not separately address each of the designated judicial acts and did not indicate how and where each arose in the record and the basis for the trial court's ruling. The brief recited only that:
After reviewing the record on appeal and after researching the applicable law, the undersigned has concluded that no good faith argument can be made that error has occurred in the trial court, as alleged in the statement of judicial acts to be reviewed (R 33). Accordingly, counsel cannot present a meritorious argument on this appeal.
Counsel then requested this court to enter an order allowing appellant to file his own *973 brief, which was done. Smith has filed no brief.
Our preliminary review of the record suggests possible merit to one or more points on appeal, so once again we have reviewed pertinent authorities to determine our exact duty under the circumstances. See, e.g., Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 State v. Davis, 290 So.2d 30 (Fla. 1974); Reed v. State, 378 So.2d 899; Stokes v. State, 485 So.2d 875 (Fla. 1st DCA 1986). We conclude that appellate counsel's statement quoted above does not comply with the intent and spirit of Anders, and that counsel should file a brief presenting argument directed to possible error in respect to the judicial acts set forth in the statement filed by trial counsel.
In Anders the Supreme Court held that the following statement by appellate counsel to the state appellate court was insufficient to satisfy the constitutional right of a criminal defendant to counsel on direct appeal from a judgment of conviction:
I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him ... [H]e wishes to file a brief in this matter on his own behalf.
386 U.S. at 742, 87 S.Ct. at 1399. The Court reasoned that:
The District Court of Appeal, after having examined the record, affirmed the conviction. We believe that counsel's bare conclusion, as evidenced by his letter, was not enough. It smacks of the treatment that Eskridge received, which this Court condemned, that permitted a trial judge to withhold a transcript if he found that a defendant "has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial errors occurred therein." Eskridge v. Washington State Board, 357 U.S. 214, 215 [78 S.Ct. 1061, 1062, 2 L.Ed.2d 1269] (1958). Such a procedure, this Court said, "cannot be an adequate substitute for the right to full appellate review available to all defendants" who may not be able to afford such an expense... . We cannot say that there was a finding of frivolity by either of the California courts or that counsel acted in any greater capacity than merely as amicus curiae which was condemned in Ellis, supra. Hence California's procedure did not furnish petitioner with counsel acting in the role of an advocate nor did it provide that full consideration and resolution of the matter as is obtained when counsel is acting in that capacity. The necessity for counsel so acting is highlighted by the possible disadvantage the petitioner suffered here.
386 U.S. at 742-743, 87 S.Ct. at 1399 (emphasis added). The Court then emphasized that appellate counsel can satisfy "the constitutional requirement of substantial equality and fair process" only by carrying out his duties as an "active advocate in behalf of his client, as opposed to that of amicus curiae" and that the "no-merit letter and the procedure it triggers do not reach that dignity." 386 U.S. at 744, 87 S.Ct. at 1400. The Court explained the advocate's role in the following language:
His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court  not counsel  then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on *974 their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate.
386 U.S. at 744-45, 87 S.Ct. at 1400 (emphasis added).
We hold that counsel's statement in the brief before us, i.e., that no meritorious argument can be presented, is no more sufficient to satisfy Smith's constitutional right to appellate counsel than was the similar statement by counsel in Anders. The statement amounts to nothing more than a recitation that this court should accept on faith counsel's evaluation, without explanation, that trial counsel's designated judicial acts raise only points that are wholly frivolous. We have recited most of the discussion in Anders to make plain that in the presentation of criminal appeals for indigent defendants the duty of appellate counsel under Anders is not to determine whether possible arguments on appeal are meritorious  that is the function of the court. Rather, appellate counsel is to specify, as to each judicial act designated by trial counsel or the defendant, where the act arises in the record, what transpired, the court's ruling, the apparent basis for trial counsel's objection and basis for suggesting that it was error. Counsel should then present such argument as can reasonably be made in support of the defendant's position on each designated act, with appropriate citation to the record and pertinent authority, if there is any. Of course, appellate counsel is not required to make a wholly frivolous argument or to brief the case against his client. The state's answer brief should respond with citation to the record and pertinent authority to show, if it can, lack of merit in each point. Should appellate counsel conclude that he or she cannot make any reasonable argument in respect to the designated acts, then he or she should, before filing a brief in this court, discuss the designated judicial acts with trial counsel and communicate with the defendant. The brief should then state that such designations present wholly frivolous issues and that trial counsel agrees.
This procedure will not only aid the appellate court in evaluating the merits of the appeal, as suggested in Anders, but also avoid placing the court in the position of acting as a pseudo-advocate for the defendant while reviewing the judicial acts designated by trial counsel or the defendant pursuant to our decision in Reed v. State, 378 So.2d 899, without affording defendant the benefit of a true advocate.[1] This procedure, we believe, fully comports with the spirit of Anders and better assists this court in performing its responsibilities in such cases.
There is no conflict with our recent decision in Stokes v. State, 485 So.2d 875. In that case we dealt with an error raised neither in the designated judicial acts, in appointed counsel's appellate brief, nor in the pro se brief filed by the appellant. The *975 broad issue in Stokes was whether an appellate court is required to scrutinize the appellate record in every Anders type case to ascertain that trial counsel, appellate counsel, and the defendant did not overlook any errors in addition to the specific errors designated or raised by them. Giving such extensive review to indigents in Anders cases obviously accords such defendants a more thorough appellate review for trial errors than is accorded nonindigent defendants represented by paid counsel who, in asserting certain errors and making certain arguments on appeal, may effectively waive other points or arguments not so asserted. In Stokes we concluded that such review was beyond the intent of Anders. The issue in this case does not rise to the level of the issue presented in Stokes.
We do not now reach the merits of this appeal. Rather, an order will issue forthwith directing appellant's appointed counsel to file an initial brief making such argument as it can on each legal point raised by the judicial acts designated by trial counsel.
SO ORDERED.
SMITH and SHIVERS, JJ., concur.
NOTES
[1] In Reed v. State we held that the initial burden of designating judicial acts considered to be erroneous falls on court-appointed trial counsel pursuant to rule 9.140(d). That is as it should be because trial counsel is the person having the most knowledge of what transpired during trial. The rule contemplates that this task will be done in conjunction with appellate counsel, whenever possible, and such collaboration should be the norm rather than the exception. In all events, trial counsel should make a good faith effort to designate only those acts that arguably present valid points for appellate relief. The opinion in Reed also points out that trial counsel should discuss these designations with the client in time to afford the client an opportunity to make other designations, should he desire to do so.