542 So.2d 1358 (1989)
Kenneth A. FORRESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-688.
District Court of Appeal of Florida, First District.
April 28, 1989.
*1359 Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The only issue before this court in Forrester's appeal from his convictions for possession of cocaine and of marijuana in an amount of less than 20 grams is whether the trial court, in denying appellant's motion to suppress evidence, correctly determined that a canine alert constitutes probable cause for a non-consensual warrantless search of appellant's automobile. Because we conclude that the no-merit brief prepared by the public defender fails to comply with the requirements imposed by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we do not reach the merits of this cause, but instead direct the public defender to file a supplemental brief which does so comply.
In the present case, the assistant public defender filed a five-page brief, which, following a very short statement of the case and of the facts, concluded as follows:
After reviewing the record on appeal, and after researching the applicable law, the undersigned has concluded that no good faith argument can be made in support of the statement of judicial acts to be reviewed. Forrester claimed in his Motion to Suppress the police lacked probable cause to search his car. As to that claim, see, Cardwell v. State, 482 So.2d 512 (Fla. 1st DCA 1986); United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983).
This brief is being filed in order to comply with the requirements of Anders v. California, 386 U.S. 738 [, 87 S.Ct. 1396, 18 L.Ed.2d 493] (1967) and this Court's opinion in Smith v. State, 496 So.2d 971 (Fla. 1st DCA 1986). Counsel requests that this Court enter an order allowing appellant a reasonable period of time in which to file his own brief, and thereafter observe the requirements of State v. Causey, 503 So.2d 321 (Fla. 1987).
This court, not satisfied that the brief complied with the dictates of either Anders or Smith v. State, 496 So.2d 971 (Fla. 1st DCA 1986), thereupon entered an order directing the assistant public defender "to brief the issue of whether, in the context of a non-consensual, warrantless search, a canine alert, without more, constitutes probable cause." Instead of following our directions, the attorney responded with a motion to clarify our order or to appoint other counsel, stating essentially that because he had previously filed an Anders brief, citing controlling cases on the issue presented in our order, he had decided that he could make no meritorious argument concerning the issue raised by this court, and therefore any brief that he might file would be the same as the one he had originally filed. Counsel concluded with the statement that, because of his inability to argue anything further on behalf of appellant, this court should appoint other counsel to brief the issue it had raised, and cited in support of his request for appointment of other counsel, Penson v. Ohio, 488 U.S. ___, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Upon consideration of this response, the motion to clarify our prior order is granted, and our reasons for clarification are hereafter discussed. Because we do not consider that the brief filed abides by the dictates of Anders and other pertinent cases discussed infra, we deny the motion for appointment of other appellate counsel.
In our judgment, the brief submitted by the assistant public defender, with its one *1360 sentence reference to two cases, fails to conform with Anders' requirement that counsel conduct "a conscientious examination" of the case, Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498, as a precondition to any motion by appellate counsel to withdraw. Neither are we satisfied that the attorney has satisfied Anders' demand that his brief refer "to anything in the record that might arguably support the appeal." Id. In our interpretation of the duties placed upon counsel by Anders, we stated in Smith, 496 So.2d at 974, that "[c]ounsel should ... present such argument as can reasonably be made in support of the defendant's position on each designated act, with appropriate citation to the record and pertinent authority, if there is any." (Emphasis added.) If, however, "appellate counsel conclude[s] that he or she cannot make any reasonable argument in respect to the designated acts, then he or she should, before filing a brief in this court, discuss the designated judicial acts with trial counsel and communicate with the defendant." Id. Smith interprets Anders to mean that appellate counsel must not only state in the brief that the designations made by trial counsel present wholly frivolous issues, but that he or she has in fact conferred with trial counsel in that regard and that the trial attorney agrees with the position of the reviewing lawyer. Smith, 496 So.2d at 974.
Not only does the initial brief filed by the assistant public defender fail to make the assertion that he has communicated with the trial attorney who concurs in appellate counsel's assessment of the case, but in our judgment it fails also to present such argument as can reasonably be made in support of the defendant's position on the sole designated act raised: that of the propriety of the lower court's order denying the motion to suppress.[1] An even greater flaw in appellate counsel's argument, or more accurately his conclusion, is that it is so utterly lacking in detail that it makes it impossible for this court to determine either whether the attorney conducted the "conscientious examination" of the case required by Anders, or whether the appeal is so "wholly frivolous" that the case may be disposed of without the assistance of counsel. Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. As the United States Supreme Court recognized in McCoy v. Court of Appeals of Wis., 486 U.S. ___, ___, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440, 454 n. 11 (1988):
A "conclusory statement" by counsel is not sufficient to justify an appellate court's refusal to provide counsel to argue an indigent defendant's appeal. For the court  not counsel  must "decide whether the [appeal] is wholly frivolous," and counsel must provide the court with sufficient guidance to make sure that counsel's appraisal of the case is correct.
(Citations omitted.)
Unless the Anders brief is sufficiently detailed, which includes any possible authority and argument that reasonably supports a designated act on appeal  or, if no authority does in fact provide such support, an explanation of why cited authority is not controlling or persuasive  an appellate court is often unable to determine whether the appeal is so frivolous that counsel should be permitted to withdraw. If the Anders brief prepared by appellate counsel fails in that critical function, we consider that, at the very minimum, counsel should be required to file a supplemental brief as an aid to the court in reaching any decision regarding whether the case is wholly frivolous, or whether nonfrivolous issues remain for appeal. In preparing the brief, counsel should keep in mind the following precepts:
The appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. In preparing and evaluating the case, and in advising the client as to the prospects for success, counsel must consistently serve the client's interest to the best of his or her ability. Only after *1361 such an evaluation has led counsel to the conclusion that the appeal is "wholly frivolous" is counsel justified in making a motion to withdraw. This is the central teaching of Anders.

McCoy, 486 U.S. at ___, 108 S.Ct. at 1902, 100 L.Ed.2d at 453.
In the present case, the assistant public defender  anticipating that this court, in directing further briefing, had concluded that there were nonfrivolous issues for appeal  essentially moved to withdraw, by requesting that other appellate counsel be appointed to argue the appeal on behalf of appellant, relying upon Penson v. Ohio. Penson, however, even more forcefully than the Supreme Court's two earlier opinions in Anders and McCoy, emphasizes the need for appellate counsel to file an adequate Anders brief for the purpose of calling to the attention of the appellate court anything in the record that might arguably support the appeal. Indeed, Penson recognizes that "[n]ot only does the Anders brief assist the court in determining that counsel has carefully reviewed the record for arguable claims, but, in marginal cases, it also provides an independent inducement to counsel to perform a diligent review," and thereby avoids "the temptation [of counsel] to discharge an obligation in summary fashion... ." Penson, 488 U.S. at ___, 109 S.Ct. at 351, 102 L.Ed.2d at 309 n. 4 (emphasis added). Of perhaps even greater importance than aiding an appellate court in determining whether counsel conducted a conscientious examination of the case, a sufficiently detailed Anders brief "serves the valuable purpose of assisting the Court in [also concluding] ... that the appeal is indeed so frivolous that it may be decided without an adversary presentation." Penson, 488 U.S. at ___, 109 S.Ct. at 355, 102 L.Ed.2d at 309-310.
To summarize: If appellate counsel wishes to file a brief in conformance with the dictates of Anders, the brief should make such argument as reasonably supports the acts designated. If counsel finds that he or she cannot present any reasonable argument in support of each designated act, the brief at the very minimum should draw attention to anything in the record that might arguably support the appeal in order to assist the court in determining whether counsel conducted the required detailed review of the case, and whether the appeal is so frivolous that the case may be disposed of without the assistance of counsel. A brief that simply cites a case or other authority in support of the public defender's position that the appeal is "wholly frivolous," without any further exposition, will not be accepted as being in compliance with Anders, and supplemental briefing will be required.
Finally, a brief that fails to make any reasonable argument in support of the designated judicial acts, but which otherwise abides by Anders, as above stated, must contain a representation in the brief that appellate counsel has discussed the designated acts with trial counsel and has also communicated with the defendant, together with the statement that trial counsel agrees that the designations present wholly frivolous issues. If appellate counsel is unable to acquire the concurrence of trial counsel in such conclusion, then he or she must include as well a satisfactory explanation of why such concurrence could not be obtained. We consider it essential that an Anders brief which contains a representation that the appeal is wholly frivolous or without merit[2]shall contain also the above representation of appellate counsel's having communicated with trial counsel. This is so because any such brief would ordinarily be accompanied by a request of appellate counsel to withdraw from further representation and, if the appellate court agrees that the appeal is so devoid of merit, the case may then be decided without the assistance of counsel. It is necessary, then, in order to aid our determination of whether the case should be so disposed, that the Anders brief include trial counsel's statement that he or she agrees with the appellate counsel's appraisal of the case, notwithstanding the existence in the record of *1362 the former's designation of judicial acts to be reviewed.
If an appellate court is inadequately assisted in reaching the critical determination that an appeal may be concluded without an adversary presentation, and thereafter so disposes of the appeal, such result smacks of the same disparate treatment condemned by the United States Supreme Court in Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 816, 9 L.Ed.2d 811, 814 (1963): "[W]here the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." We therefore consider it an absolutely essential prerequisite to the public defender's right to withdraw from the case that his or her brief contain the above statement. Only then will this court entertain a motion to allow the public defender to withdraw.
Accordingly, the assistant public defender is directed to file within 15 days from the date of this opinion a supplemental brief, complying with the above criteria, which shall be directed to the following issue: In applying a totality of the circumstances test, adopted by the United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), was there probable cause for the officers to conduct a warrantless search of appellant's automobile? The state is permitted to file an answer brief, if it desires to do so, within 10 days after service of appellant's supplemental brief.
SMITH, C.J., and NIMMONS, J., concur.
NOTES
[1] Following the denial of his motion to suppress evidence seized from his automobile incident to a warrantless search, appellant entered a plea of nolo contendere specifically reserving his right to appeal the denial of his motion.
[2] The terms "without merit" and "wholly frivolous" are used synonymously by the United States Supreme Court. See McCoy, 486 U.S. at ___, 108 S.Ct. at 1902, 100 L.Ed.2d at 453 n. 10.