SMITH, Judge.
In this appeal from a conviction for possession of cocaine, the only issue presented is whether the trial court properly denied the appellant’s motion to suppress. Because we find that the brief prepared by the appellant’s counsel, who was designated a special appellate public defender, does not satisfy the demands of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we do not reach the issue and must direct appellant’s counsel to file a supplemental brief. See Forrester v. State, 542 So.2d 1358 (Fla. 1st DCA 1989).
In the instant case, the special appellate public defender submitted a very short brief conceding that there was probable cause to search the appellant, and therefore, the trial court properly denied the motion to dismiss. The brief does not discuss the arguments made by the appellant's trial counsel during the suppression hearing, nor is there any indication that the appellate counsel conferred with trial counsel during preparation of his case on appeal. Though appellate counsel claimed there was no merit to the motion to suppress, he did not ask to withdraw nor did he request that his client be allowed to file a brief.
We made it clear in Smith v. State, 496 So.2d 971 (Fla. 1st DCA 1986), that a counsel’s conclusion that no meritorious argument could be made on appeal is not sufficient to guarantee the client’s right to meaningful appellate review. If, after reviewing the statement or judicial acts to be reviewed, counsel is unable to
make any reasonable argument in respect to the designated acts, then he or she should, before filing a brief in this court, discuss the designated acts with trial counsel and communicate with the *1195 defendant. The brief should then state that such designations present wholly frivolous issues and that trial counsel agrees.
Id. at 974 (emphasis added). The brief should at least point to anything in the record which might “arguably” support the appeal. Forrester, supra.
It is apparent from the record that the trial and appellate counsel saw this case very differently. In such a case, the need for communication between trial and appellate counsel would seem especially great to ensure that their indigent client’s one and only direct appeal is a meaningful one. Besides making no argument whatsoever on his client’s behalf that the search and seizure of the appellant was impermissible, the appellate counsel did not indicate to this court that he conferred with trial counsel or the appellant. Accordingly, the special appellate public defender is directed to file within fifteen (15) days from the date of this opinion, a supplemental brief complying with the dictates of Forrester v. State, supra.
SHIVERS, C.J., concurs.
BARFIELD, J., dissents with written opinion.