BARFIELD, Judge,
dissenting:
I must respectfully disagree with my colleagues in the application of the decision in Forrester v. State, 542 So.2d 1358 (Fla. 1st DCA 1989). That decision is presently pending before the Florida Supreme Court, and I note that recently it has been applied by sister courts in the State of Florida. I am not certain that the application of that decision is from a uniform rationale. As indicated in the majority opinion in this case, nothing more than communication with the trial counsel seems to be in order. However, the language of Forrester is much more expansive and, in my judgment, wholly unreasonable and unworkable. Forrester seems to call for nothing short of capitulation by either the trial counsel or the appellate counsel as to the merits of the trial lawyer’s position on the record. While some trial lawyers may confess to being frivolous on the record below, it is doubtful that this will often occur. In my judgment, Forrester should be limited to its application in the specific case giving rise to the anger of this court. Appellate counsel in the Forrester case was deserving of severe criticism in the opinion. To propel the language of that opinion into standards for all Anders cases simply clogs the appellate process unnecessarily. There are adequate safeguards already existing for the Anders review. State v. Causey, 503 So.2d 321 (Fla.1987).
Another matter that is troubling to me in this case is the majority’s insistence that the appellate counsel further brief an issue that has been specifically addressed and found to be without merit by the appellate counsel without indicating what substance there may be to the issue. No mention is made by the majority that no notice was afforded to the appellant to file a pro se brief in the face of an Anders brief. For this reason alone, I think that our disposition of this matter is premature.