556 So.2d 1114 (1990)
In re ORDER OF the FIRST DISTRICT COURT OF APPEAL REGARDING BRIEF FILED IN FORRESTER V. STATE.
No. 74166.
Supreme Court of Florida.
February 15, 1990.
*1115 Michael E. Allen, Public Defender, and David A. Davis, Asst. Public Defender, Tallahassee, for petitioner Kenneth A. Forrester.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Director, Crim. Appeals, and James W. Rogers, Asst. Atty. Gen., Tallahassee, for respondent State of Fla.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, amicus curiae for Florida Public Defender Ass'n, Inc.
McDONALD, Justice.
We review Forrester v. State, 542 So.2d 1358 (Fla. 1st DCA 1989), in which the district court ordered appellate counsel to provide supplemental briefs in an Anders situation.[1] We have jurisdiction because the district court's decision expressly affects a class of constitutional officers. Art. V, § 3(b)(3), Fla. Const. We approve the district court's requiring supplemental briefs as being within the inherent powers of the court. However, we quash the part of the opinion imposing specific practice requirements on counsel in Anders cases.
Kenneth Forrester was charged with possession of cocaine and marijuana, based upon evidence found during a warrantless search of his automobile. The trial court denied his motion to suppress that evidence and Forrester pled nolo contendere to both charges, reserving the right to appeal the suppression issue. Forrester's appellate counsel filed an Anders brief, indicating his opinion that the appeal was frivolous and totally without merit.[2]
*1116 The district court, not satisfied that counsel's brief complied with the dictates of Anders,[3] ordered counsel to file a supplemental brief on the issue of "`whether, in the context of a non-consensual, warrantless search, a canine alert, without more, constitutes probable cause.'" Forrester, 542 So.2d at 1359. In response the assistant public defender filed a motion to clarify or to appoint other counsel, explaining the perceived ethical problems that compliance with the court's order would create. The district court granted that motion and entered an opinion discussing its interpretation of the requirements for a proper Anders brief.
The public defender argues that the district court's requiring additional briefing of the probable cause issue is improper under Anders and forces counsel to argue the case against his client. According to the public defender, such a practice shifts the role of appointed counsel from an advocate for the client to an amicus for the court and unconstitutionally infringes upon a defendant's right to effective assistance of counsel, as guaranteed by the sixth and fourteenth amendments to the United States Constitution and article I, section 16 of the Florida Constitution. We disagree.
Clearly, any court possesses the authority to require supplemental briefs from counsel on any issue where confusion or doubt remains. Nothing in the Anders procedure undermines this inherent power of the courts. We recognize appointed counsel's compelling obligation to promote effectively and vigorously the client's cause. However, counsel also maintains an obligation to the court to assist in rendering informed and just decisions. These obligations are not irreconcilable. Rather, the very purpose of the Anders procedure is to allow counsel to respect both of these important responsibilities concurrently. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988); McCoy v. Court of Appeals, 486 U.S. 429, 108 S.Ct. 1895, 1903, 100 L.Ed.2d 440 (1988).
We agree with the district court that appellate counsel's original brief failed to meet the minimum requirements of Anders. See Penson, 109 S.Ct. at 350; Smith v. State, 496 So.2d 971, 973 (Fla. 1st DCA 1986).[4] One of the fundamental points of Anders and its progeny is that, even though counsel finds no merit in the appeal, he or she must present to the court any argument that would reasonably support the appellant's theory and must point out anything in the record which might arguably justify the appeal. Anders, 386 U.S. at 744, 87 S.Ct. at 1400; Smith, 496 So.2d at 974. The Anders brief must evidence a complete and careful review of the record in order to support counsel's representation that the appeal is wholly frivolous.
*1117 A careful review of the record, combined with a complete discussion of any possible points of merit to the appeal, serves the interests of both the client and the court. The attorney's advocacy role is maintained, and the court is alerted to points of possible merit upon which it can focus its independent review of the record. The supplemental briefs ordered by the district court would not constitute "briefing the case against the client," as the public defender suggests.
In addition the public defender asserts that under Penson the district court should have appointed other counsel to represent Forrester after receiving the Anders brief from appellate counsel. This contention misinterprets Penson, which held that when a court allows appointed counsel to withdraw and later determines that issues of merit exist new counsel must be appointed. Penson, 109 S.Ct. at 351. Regardless, the question is clearly premature in this case because the district court has yet to determine whether Forrester's appeal is frivolous.
We are less supportive, however, of the district court's attempt to establish specific practice requirements for appellate counsel in Anders situations. The court held that
a brief that fails to make any reasonable argument in support of the designated judicial acts ... must contain a representation in the brief that appellate counsel has discussed the designated acts with trial counsel and has also communicated with the defendant, together with the statement that trial counsel agrees that the designations present wholly frivolous issues. If appellate counsel is unable to acquire the concurrence of trial counsel in such conclusion, then he or she must include as well a satisfactory explanation of why such concurrence could not be obtained. We consider it essential that an Anders brief which contains a representation that the appeal is wholly frivolous or without merit shall contain also the above representation of appellate counsel's having communicated with trial counsel.
Forrester, 542 So.2d at 1361 (emphasis in original, footnote omitted).
The public defender, joined by the attorney general, argues that these requirements are improper Anders procedure and constitute unwarranted regulation of appointed counsels' method of practice. They also contend that such mandatory disclosures force counsel to violate the attorney client privilege and rule 4-1.6, Rules Regulating The Florida Bar. We find nothing in Anders, or any other discussion of this issue, which supports such inflexible and intrusive requirements. However, principles of effective advocacy suggest that appellate counsel should, whenever possible, communicate with trial counsel. The advantages of gaining the input of someone familiar with the details of the record should be obvious.[5]
In conclusion, we agree that an appellate court can order supplemental briefs in any case before it, regardless of the type of brief originally filed. We further agree that,
[i]f appellate counsel wishes to file a brief in conformance with the dictates of Anders, the brief should make such argument as reasonably supports the acts designated. If counsel finds that he or she cannot present any reasonable argument in support of each designated act, the brief at the very minimum should draw attention to anything in the record that might arguably support the appeal in order to assist the court in determining whether counsel conducted the required detailed review of the case, and whether the appeal is so frivolous that the case may be disposed of without the assistance of counsel.
Forrester, 542 So.2d at 1361 (emphasis in original). If not satisfied that these requirements have been met, or if it needs further illumination or discussion of applicable law, a reviewing court may require supplemental briefs.
*1118 Accordingly, we approve the district court of appeal's requiring a supplemental brief on the question framed by it. We quash the part of the district court's opinion that requires a dialogue, and report thereof, between appellate and trial counsel.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court established the procedure for what has become known as an "Anders brief." The Court held that appointed counsel may be permitted to withdraw from a case where the appeal is "wholly frivolous" and without merit. Id. at 744, 87 S.Ct. at 1400. However, in order to protect an appellant's constitutional rights, counsel who finds an appeal to be frivolous must file a brief "referring to anything in the record that might arguably support the appeal." Id. The court then conducts its own examination of the record to determine if the appeal is indeed wholly frivolous. If so, the appellant proceeds without assistance of counsel.
[2] With regard to the suppression issue, the assistant public defender's brief stated:

After reviewing the record on appeal, and researching the applicable law, the undersigned has concluded that no good faith argument can be made in support of the statement of judicial acts to be reviewed. Forrester claimed in his Motion to Suppress the police lacked probable cause to search his car. As to that claim, see, Cardwell v. State, 482 So.2d 512 (Fla. 1st DCA 1986); United States v. Place, 462 U.S. 696 [103 S.Ct. 2637, 77 L.Ed.2d 110] (1983).
[3] The court concluded:

In our judgment, the brief submitted by the assistant public defender, with its one sentence reference to two cases, fails to conform with Anders' requirement that counsel conduct a "conscientious examination" of the case, as a precondition to any motion by appellate counsel to withdraw. Neither are we satisfied that the attorney has satisfied Anders' demand that his brief refer "to anything in the record that might arguably support the appeal."
Forrester v. State, 542 So.2d 1358, 1359-60 (Fla. 1st DCA 1989) (quoting Anders, 386 U.S. at 744, 87 S.Ct. at 1400). In fact, several possible arguments in support of Forrester's position on appeal were discussed at oral argument before this Court.
[4] The public defender's brief, with its minimal discussion of the issues on appeal, closely resembles the "no-merit letter" specifically held constitutionally insufficient in Anders. 386 U.S. at 742, 87 S.Ct. at 1399. See also Smith v. State, 496 So.2d 971, 974 (Fla. 1st DCA 1986). Counsel's conclusory statements regarding the lack of merit of an appeal are not alone sufficient to deny the right to full appellate review with the assistance of counsel. McCoy v. Court of Appeals, 486 U.S. 429, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
[5] In connection with his motion to suppress, trial counsel filed a memorandum of law with the trial court which attempted to distinguish on several specific grounds the case law later cited as controlling by appellate counsel's Anders brief.