JOANOS, Judge.
This case concerns an appeal from an order of judgment and the sentence imposed, following appellant’s entry of a guilty plea to five probation violations. Appellant’s appointed counsel has filed a brief in accordance with the requirements outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and In Re Order of the First District Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114 (Fla.1990), stating that he cannot advance a good faith argument that the trial court reversibly erred with respect to any matter save imposition of court costs. We agree, and affirm the judgment except as to the costs issue. On the costs issue, we reverse and remand.
The record in this case is not clear with regard to the imposition of court costs. The court minutes dated December 29, 1987, indicate that appellant was directed to serve three concurrent three-year periods of probation after completing a one-year period of incarceration. In addition, this document reflects that a $750 fine was imposed. The fine designation appears on the same line as the “Court Costs” designation. Subsequently, in a document entitled “Judgment of Guilt Placing Defendant in Community Control,” the $750 was treated, in Condition (16), as court costs. Appellant was adjudicated guilty of three second degree felonies. A $10,000 fine is a permissible sanction for a second degree felony. § 775.083(l)(b), Fla.Stat. (1985). Therefore, if the $750 was intended to be a fine, it was a lawful sanction.
On the other hand, if, as the judgment indicates, the $750 was intended to be court costs, the record is unclear as to what the costs involved were intended to be.
Accordingly, the costs provision in the final judgment is reversed and remanded with directions to clarify whether the $750 was intended as a fine or as costs. If the $750 was intended as a fine, the final judgment must be corrected to reflect that fact. If intended as court costs, the cost provision is stricken without prejudice to the state to seek reassessment after proper proceeding and documentation. In all other respects, the final judgment is affirmed.
SHIVERS, C.J., and ZEHMER, J., concur.