484 So.2d 1263 (1986)
Brenda CAUSEY, Appellant,
v.
STATE of Florida, Appellee.
No. BC-479.
District Court of Appeal of Florida, First District.
January 3, 1986.
On Motion for Rehearing March 20, 1986.
Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Brenda Causey appeals judgment withholding adjudication of guilt and placing her on probation for five years. The public defender filed an Anders brief and the appellant Causey has not filed a pro se brief. The jury had found appellant guilty of first-degree arson for setting fire to her boyfriend's home.
The prosecution's case was based on circumstantial evidence. We reverse because the trial court limited the defense's cross-examination of the primary prosecution witness.
Brenda Causey was convicted of first degree arson for setting fire to her boyfriend's home. On appeal, defense counsel found no appealable issue, and so filed an Anders brief with this court. We find, however, that the trial judge erred in limiting cross-examination of a prosecution witness, and so reverse for a new trial.
On the evening of February 12, 1984, the Panama City Fire Department responded to a call of fire by persons unknown, at 914 Louisiana Avenue, the rented home of George "Junior" Lovett, Ms. Causey's boyfriend of five years. The door to the back porch was found burning. Officials at the scene determined that the fire had been set with kerosene, poured from a brown beer bottle that was recovered from the back yard.
At trial, the prosecution's theory was that Ms. Causey was motivated by anger; that a quarrel between them had caused Mr. Lovett to move from her apartment back to his house on Louisiana Avenue the day before the fire. Of two latent fingerprints found on the beer bottle, one was Ms. Causey's (one, not hers, was not further identified), and some of her possessions were found in the back yard that night.
Mr. Paul Matthews, testifying for the prosecution, said he was approached by Ms. Causey shortly before the fire, a block or so from Mr. Lovett's house. She was carrying a brown beer bottle that smelled like kerosene, stuffed with paper at the top; she asked him for a match, but produced her own. She then walked away *1264 toward Mr. Lovett's house. Upon her return she did not have the beer bottle, and asked Matthews to tell "Junior Lovett" that she was sorry his house was burning. Matthews had not known her before that night. He then went down a trail to Lovett's house, saw the fire, and heard that neighbors had called the Fire Department.
For the defense, Mr. Lovett and Ms. Causey testified that she was not in the vicinity of his house until after the Fire Department had arrived, had not been carrying a beer bottle, and, that their quarrel was no more serious than others in their relationship. Defense counsel brought forward testimony intended to show that the prosecution's physical evidence was not necessarily indicative of guilt, and further, that Mr. Lovett had seriously quarrelled with his neighbor, shortly before the fire, over ownership of a valuable appliance.
At the time of the trial, Mr. Matthews was in jail awaiting disposition of pending criminal charges of grand theft. Prior to trial, the State made a motion in limine, to exclude a defense question on Matthews' current residence, to prevent "impeach[ing] him without a conviction." The court reserved a ruling, but then granted the motion, over objection, when it was renewed in chambers immediately prior to Matthews' testimony. The court limited cross-examination in that area to "whether or not he has ever been convicted of a crime involving dishonesty or false statement." The trial court's basis was that "the purpose of the evidence rule is to prohibit ... some sort of innuendos about prior criminal history of any crime... ."
This limitation was in error. Generally, impeachment of a witness on the basis of a prior criminal activity or dishonesty is limited to past convictions, not past arrests or pending charges. Fulton v. State, 335 So.2d 280, 282 (Fla. 1976). There is an exception when a prosecution witness is under pending criminal charges by the same prosecuting agency: defense counsel is entitled to bring that fact[1] before the jury for an impeachment based upon motive or bias. Fulton at 283, citing Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974). In Morrell, Judge Spector explained the purpose and importance of this exception from the general rule:
[I]f a witness for the State were presently or recently under actual or threatened criminal charges or investigation leading to such criminal charges, a person against whom such witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination or otherwise so that the jury will be fully apprised as to the witness' possible motive or self-interest with respect to the testimony he gives. Testimony given in a criminal case by a witness who himself is under actual or threatened criminal investigation or charges may well be biased in favor of the State without the knowledge of such bias by the police or prosecutor because the witness may seek to curry their favor with respect to his own legal difficulties by furnishing biased testimony favorable to the State.
The constitutional right to confront one's accuser is meaningless if a person charged with wrongdoing is not afforded the opportunity to make a record from which he could argue to the jury that the evidence against him comes from witnesses whose credibility is suspect because they themselves may be subjected to criminal charges if they fail to "cooperate" with the authorities. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, decided by the United States Supreme Court in February 1974.
(emphasis supplied)
The limitation placed upon cross-examination was error. Accordingly, the conviction is reversed and the case remanded for a new trial.
REVERSED and REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.

*1265 ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellee's motion for rehearing is denied.
We certify the following question to the Florida Supreme Court as a question of great public importance:
DOES THE LANGUAGE OF ANDERS V. CALIFORNIA, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967) STATING: "IF [THE COURT] FINDS ANY OF THE LEGAL POINTS ARGUABLE ON THEIR MERITS (AND THEREFORE NOT FRIVOLOUS) IT MUST, PRIOR TO DECISION, AFFORD THE INDIGENT THE ASSISTANCE OF COUNSEL TO ARGUE THE APPEAL" REQUIRE THAT THE PARTIES BE ALLOWED TO SUBMIT APPELLATE BRIEFS REGARDING THE MERITORIOUS LEGAL POINTS PRIOR TO DECISION?
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] We recognize that a question as to "current residence" may not be correctly framed to reach the pertinent fact.