503 So.2d 321 (1987)
STATE of Florida, Petitioner,
v.
Brenda CAUSEY, Respondent.
No. 68624.
Supreme Court of Florida.
February 26, 1987.
Robert A. Butterworth, Jr., Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for petitioner.
*322 Michael E. Allen, Public Defender, Second Judicial Circuit, and Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for respondent.
KOGAN, Justice.
The First District Court of Appeal has certified the following question as being one of great public importance:
Does the language of Anders v. California, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967) stating: "If [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal" require that the parties be allowed to submit appellate briefs regarding the meritorious legal points prior to decision?
Causey v. State, 484 So.2d 1263, 1265 (Fla. 1st DCA 1986). This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the question in the affirmative and quash the opinion of the district court.
Brenda Causey was convicted of arson after her boyfriend's rented house burned. Following the conviction, her court-appointed counsel filed a brief pursuant to Anders v. California, stating that she could not make any good faith arguments to support reversible error. Causey did not file a pro se brief within the allotted time period, and the state filed its Anders answer brief. Upon its own review of the record, the first district found reversible error in the trial court's refusal to allow Causey's counsel to impeach the state's main witness during cross-examination. Without requesting the submission of briefs from the parties on that issue, the district court reversed the conviction and remanded the case to the circuit court.[*]
Before resolving the certified question, a preliminary issue must be addressed. That is, to what extent must a district court review the record pursuant to the filing of an Anders brief? The state contends that Anders requires no more than a cursory review, i.e., only to the extent of errors previously pointed out. To support this contention, the state cites Stokes v. State, 485 So.2d 875 (Fla. 1st DCA 1986). In that case, the district court held that "Anders ... does not require the appellate court to review the record in search of errors not raised by either appellant or his counsel." Id. at 876.
If appellate counsel has already brought possible errors to the attention of the court, then there would be no need to file an Anders brief. The requirement in Anders of submitting a brief stating that the public defender has found no reversible error even worthy of a good faith argument is intended to promote fair appellate review, not stifle it. This requirement was specifically meant to "induce the court to pursue all the more vigorously its own review." Anders, 386 U.S. at 745, 87 S.Ct. at 1400. This implies that some degree of independent review is required, and we disapprove Stokes to the extent that it is inconsistent with the instant opinion.
This is not to say that we read Anders as requiring a "fine tooth comb" style of review. By no means should this opinion be read to require district courts to read between the lines of a record to discover the most remote, unlikely error. At the very least, however, pursuant to Anders, in order to assure indigents fair and meaningful appellate review, the appellate court must examine the record to the extent necessary to discover any errors apparent on the face of the record.
Dissenting in Stokes, Judge Barfield stated that "the better policy is for the appellate court to review the entire record in each case in which an Anders brief has been filed by appellate counsel, whether or not the appellant files a pro se brief." 485 So.2d at 877 (Barfield, J., dissenting). We agree that this is the better policy. While courts should not assume the role of appellate counsel, reversible error should not be *323 ignored simply because an indigent appellant or a public defender failed to point it out.
We now reach the certified question presented to this Court. In the event that the reviewing court "finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders, 386 U.S. at 744, 87 S.Ct. at 1400. We read this to allow both the appellant and the state to submit briefs on issues that the court has found in its independent review to be arguable on the merits. Submitting such briefs will give the appellate court the benefit of each side's thoughts, research, and analysis so that the court can be more fully informed on the issues.
In the case, sub judice, the First District Court of Appeal reversed Causey's conviction without allowing either party to brief the issue. Both parties agree, as do we, that this was error. Except in extreme or extraordinary circumstances, the district court should request that briefs be submitted on the issues raised by the court before the court renders its opinion. This would present both sides with the fair opportunity to be heard.
No such opportunity was available here. Moreover, no extreme or extraordinary circumstances requiring expedience were present. Accordingly, we answer the certified question in the affirmative, quash the opinion of the district court, and remand for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[*] Causey subsequently pleaded guilty to the offense of attempted arson. Despite this disposition, we retain jurisdiction to resolve this still viable issue of great import. See Sadowski v. Shevin, 345 So.2d 330 (Fla. 1977).