ANSTEAD, Judge,
dissenting.
The majority has ruled that this appeal is without merit and appropriate for treatment under the procedure set out in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), rehearing denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377. I dissent only because of the majority’s summary conclusion as required for an Anders disposition that there are no arguable issues to be raised on appeal, and that this appeal is frivolous. In this case, although not raised by counsel on appeal, it appears that there may be a constitutional double jeopardy issue that should be briefed by appellant’s appointed counsel. See In re Order of First District Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114 (Fla.1990). Appellant was convicted and sentenced for two (2) felony offenses, grand theft and obtaining property by means of a bad check, arising out of a single act. Trial counsel did raise the double jeopardy argument before the trial court and by setting it out in the statement of judicial acts to be reviewed on appeal. The issue has also been called to our attention by our legal staff’s review pursuant to our internal procedures under Anders. See Hampton v. State, 591 So.2d 945 (Fla. 4th DCA 1991).
Although the result may ultimately be the same, I believe we have a duty under Anders to have this issue briefed by counsel for appellant with allowance for an appropriate response by the state:
The appellate court then assumes the responsibility of conducting a full and independent review of the record to discover any arguable issues apparent on the face of the record. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400; State v. Causey, 503 So.2d 321, 322 (Fla.1987). If the appellate court finds that the record *334 supports any arguable claims, the court must afford the indigent the right to appointed counsel, Penson [v. Ohio ], 488 U.S. [75] at 83,109 S.Ct. [346] at 351 [102 L.Ed.2d 300 (1988) ]; McCoy [v. Court of Appeals], 486 U.S. [429] at 444, 108 S.Ct. [1895] at 1904 [100 L.Ed.2d 440 (1988)]; Anders, 386 U.S. at 744, 87 S.Ct. at 1400, and it must give the state an opportunity to file a brief on the arguable claims. Causey, 503 So.2d at 322. However, the appellate court is to conduct its full and independent review even if the indigent elects not to file a pro se brief. Id. Only if the appellate court finds no arguable issue for appeal may the court grant counsel’s motion to withdraw and proceed to consider the appeal on its merits without the assistance of defense counsel. Penson, 488 U.S. at 80, 109 S.Ct. at 349.
In re Anders Briefs, 581 So.2d 149, 151 (Fla.1991).
Accordingly, I dissent from the holding that the appeal is wholly frivolous and the order granting appointed counsel’s motion to withdraw.