PER CURIAM.
Appellant’s court-appointed counsel has filed a brief in accordance with the dictates of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that upon review of the statement of judicial acts to be reviewed filed by appellant’s trial counsel, and after research and analysis of applicable law, counsel is unable to argue in good faith that reversible error occurred in the trial court. Athough authorized to do so, appellant has not filed a brief on his own behalf.
Our independent review of the record in accordance with State v. Causey, 503 So.2d 321 (Fla.1987), has disclosed no error warranting reversal of the judgment and sentencing disposition in this cause. Athough the record reflects appellant was dissatisfied with the services of his court-appointed counsel, each time the trial court conducted an inquiry into appellant’s complaints, appellant agreed to his attorney’s continued representation. Appellant’s remedy, if any, is to raise his ineffective assistance of counsel claims in a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850.
Accordingly, this cause is affirmed without prejudice to appellant’s right to file a rule 3.850 motion for post-conviction relief.
JOANOS, LAWRENCE and BENTON, JJ., concur.