THOMPSON, Judge.
Scott McQuirk appeals his conviction for sexual battery[1] on the daughter of his former girlfriend. Testimony established that the victim was 19 at the time of the crime, but because she is mildly retarded, she perceives reality as a 10 to 12 year old. We affirm.
On appeal, McQuirk raised three issues concerning the admission of testimony at trial: 1) whether the trial court erred in allowing two experts to testify to the victim’s credibility that, in their opinion, the victim was “very capable of telling the truth;” 2) whether the trial court erred in restricting the cross-examination of witnesses which adversely affected McQuirk’s ability to develop his defense theory of the case; and 3) whether the cumulative errors of the trial court constituted fundamental error. Unfortunately, we are unable to review the alleged errors.
The general rule in Florida is that an attorney must make a contemporaneous objection to a trial court’s ruling in order to preserve the error for appeal. This rule does not apply if the trial court commits fundamental error. See Castor v. State, 365 So.2d 701, 703 (Fla.1978) (holding that unless fundamental error, appellate courts will not review for first time on appeal points not preserved by contemporaneous objection by trial counsel and that appellate counsel is bound by acts of trial counsel). McQuirk’s privately retained counsel never made specific, contemporaneous objections to the rulings of the trial court. Thus, they were not preserved for appeal. Further, we hold that the trial court committed no fundamental error in this sexual battery case. See Assiag v. State, 565 So.2d 387, 388 (Fla. 5th DCA1990) (holding that issue of whether trial court allowed two psychological experts to improperly vouch for credibility of sex crime victim was not preserved for appellate review by specific, contemporaneous objection at trial); see also Glendening v. State, 536 So.2d 212, 221 (Fla.1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989) (holding that expert’s improper testimony that in her opinion child’s father was person who committed sexual battery upon child was not preserved for appellate review where there was no contemporaneous objection at trial, nor was it fundamental error). Because the issues were not preserved for appeal and there was no fundamental error, we affirm.
AFFIRMED.
GOSHORN and GRIFFIN, JJ., concur.

. § 794.011(5), Fla.Stat. (1993).