678 So.2d 928 (1996)
Herve JEAN-MARY, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2494.
District Court of Appeal of Florida, Third District.
September 4, 1996.
Bennett H. Brummer, Public Defender and Rosa C. Figarola, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Steven Groves, Assistant Attorney General, for appellee.
Before NESBITT, JORGENSON and GREEN, JJ.
PER CURIAM.
Herve Jean-Mary appeals his conviction and sentence after a jury trial for burglary of an occupied dwelling. His sole contention on appeal is that the trial court improperly precluded him from questioning a key state witness about the witness's recent criminal charge which was nolle prossed by the state approximately sixty to seventy days prior to this trial. We agree and reverse.
Jean-Mary was originally charged with two counts of burglary with assault therein. The state had two key witnesses in this case. One was Tabitha Daniel, Jean-Mary's ex-girlfriend and mother of his child. The other was Ms. Daniel's current boyfriend, Swtone Barreau. During the cross-examination of Daniel, the defense asked Daniel whether she had been charged and arrested for fraudulently obtaining title to an automobile. When the state objected, the defense proffered to the court at side bar that Daniel had been arrested and charged with fraudulently obtaining title to an automobile on May 7, 1994. The defense further proffered that the state nolle prossed this charge against Daniel in March 1995, roughly two months before the start of this trial. The trial court sustained the state's objection to the introduction of this evidence on the basis that there was no evidence of a "deal" having been struck between Daniel and the state for Daniel's testimony in this case.
It is well established that when a prosecution witness is under actual or threatened criminal charges or was recently under an investigation which could result in criminal charges being filed against the witness, the defense is entitled to bring this fact to the jury's attention to show bias, motive, or self interest. Breedlove v. State, 580 So.2d *929 605, 608 (Fla.1991)(quoting Morrell v. State, 297 So.2d 579, 580 (Fla. 1st DCA 1974)); Torres-Arboledo v. State, 524 So.2d 403, 408 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988); Fulton v. State, 335 So.2d 280, 283-84 (Fla.1976); Cortes v. State, 670 So.2d 119 (Fla. 3d DCA 1996); Patterson v. State, 501 So.2d 691 (Fla. 2d DCA 1987); Causey v. State, 484 So.2d 1263, 1264 (Fla. 1st DCA 1986), quashed on other grounds, 503 So.2d 321 (Fla.1987). This rule applies even to the instant situation where the charges against the state's witness have been recently dismissed or nolle prossed and there is no specific evidence of any agreement between the witness and the state. Lewis v. State, 623 So.2d 1205 (Fla. 4th DCA 1993) (trial court reversibly erred when it precluded the defense from questioning the victim about unrelated criminal charges which had been filed against the victim and subsequently nolle prossed even in the absence of an agreement between the witness and the state); see also Sarmiento v. State, 371 So.2d 1047 (Fla. 3d DCA 1979)(the defense's entitlement to question a police detective about his recent criminal investigation by the state was not altered by the fact that the Grand Jury returned a no true bill against the detective since it was the defense's contention that the detective had struck a deal with the state for his testimony), decision approved on other grounds, 397 So.2d 643 (Fla.1981). Thus, we find that the trial court erred in precluding the defense from cross examining the victim about her criminal charges which had been recently nolle prossed by the state.
The state, however, argues that this error is subject to a harmless error analysis because the jury could have convicted Jean-Mary based upon the testimony given by Barreau, the state's other eyewitness. Given the intimate relationship between Barreau and the victim, under the circumstances of this case, we cannot find that Barreau's testimony provided a truly independent basis for the jury's verdict. Consequently, we cannot agree with the state that the error complained of was harmless under State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We therefore reverse and remand for a new trial.
Reversed and remanded for new trial.