MICKLE, Judge.
D.L.G., a juvenile, appeals from an order adjudicating him delinquent as to all three counts alleged in the state’s amended petition. Because the record contains discrepancies among the trial court’s several oral *380 pronouncements and its written order concerning the specific charges of which the appellant was found delinquent and for which sanctions were imposed, we affirm the order in part, vacate it in part, and remand for clarification.
Counsel for the appellant has filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no good-faith argument can be made that reversible error occurred below. No further legal briefs have been filed. We have conducted an independent review in accordance with State v. Causey, 503 So.2d 321, 323 (Fla.1987), and have found that the record of adjudication and disposition is confusing and needs to be addressed further on remand.
By petition, the state originally charged the appellant, a juvenile, with armed robbery and trespass on school property. In an amended petition, the state added a third offense and designated them according to the following counts: armed robbery (Count I), trespass on public-school property (Count II), and possession of a firearm on school property (Count III). After the close of the evidence at the February 12, 1997, adjudicatory hearing, the trial court orally announced that the state had sustained its allegations as to Counts I and III, but that the allegations as to Count II (trespass on school property) had not been sustained.
At the February 21,1997, disposition hearing, the trial court twice reiterated its earlier oral findings that the appellant was delinquent for the acts of armed robbery (Count I), a first-degree, felony punishable by life; and possession of a firearm on school grounds (Count III), a third-degree felony. In this regard, the trial court did not mention Count II, nor (apparently) did it really need to do so. Shortly thereafter, the court adjudged the appellant delinquent for both orally pronounced offenses and, on Count I, imposed a maximum-risk residential level of commitment. Although the other charge on which he was found delinquent is Count III, not Count II, the court orally announced that, “[o]n Count II,” it would impose another maximum-risk residential commitment, to be consecutive to the commitment in Count I. When the clerk orally announced, “Judge, Count III is still there,” the trial court replied, “Count III, he is adjudged delinquent, sentence is suspended.” Although this last oral pronouncement indicated findings of delinquency on all three counts, no objection was made, nor was clarification sought. After the prosecutor stated that the victim was entitled to $250 in restitution, the trial court announced its intent to retain jurisdiction as to restitution, and the hearing ended. No objection was made on the issue of restitution. On appeal, the appellant has not claimed any specific error on the issue of restitution, and we have found none in the record presented to us.
In its February 24, 1997, written order, nunc pro tunc February 21, 1997, the trial court indicated that the appellant had committed a delinquent act by violating Counts I, II, and III. The written order specifically enumerated the three different offenses set forth in the petition. On Count I, the armed robbery, the court imposed the maximum-risk commitment as had been orally announced. On Count II, the trespass on school property, which originally was found “not sustained,” the court imposed a maximum-risk commitment to be consecutive to Count I. On Count III, possession of a firearm on school grounds, the charge that originally was found to have been “sustained,” the trial court suspended the sentence.
Given the inconsistencies among the written petition, the oral pronouncements, and the written order as to which offenses the trial court was referring to when it mentioned Counts II and III, we vacate that part of the order as to these two counts and remand for a clarification of the trial court’s finding of delinquency and its intended disposition. We affirm the adjudication of delinquency and disposition on Count I.
The order is AFFIRMED in part, VACATED in part, and REMANDED for clarification.
WEBSTER and LAWRENCE, JJ., concur.