W. SHARP, J.
Jervis appeals his conviction and sentence for attempted second degree murder.[1] He argues the trial court erred in failing to allow the defense to cross-examine the victim concerning her status as a probationer, having been convicted of DUI.[2] He further argues the trial court erred in allowing a deputy to testify that Jervis threatened to kill him, after he arrested Jervis. Finally, Jervis argues the scoresheet used in sentencing was incorrect and he should be resentenced. We affirm.
*982 The attempted murder charge and conviction grew out of an incident when Jervis, who had been cohabiting with his girlfriend, Cheryl Traenkner, broke into their residence and attacked her. He attempted to strangle her, beat her, and threatened to kill her: She managed to escape to a neighbor’s house and call 911.
When the police arrived, Jervis was standing outside the residence. Holland, the arresting deputy, testified about the condition of the residence, which evidenced a struggle. He also stated the victim’s face was beaten and swollen, that her mouth was bloody and her throat was black and blue. She was hysterical, screaming and crying, and she asserted, pointing at Jervis, that he had tried to kill her.
At the trial, the court refused to allow the defense to impeach Traenkner by cross-examining her about being on probation, after having been convicted of DUI. We do not think this issue was preserved for appeal. § 924.051(3)(l)(b), Fla. Stat. (1997); McQuirk v. State, 667 So.2d 441 (Fla. 5th DCA 1996). The defense asserted that Jean-Mary v. State, 678 So.2d 928 (Fla. 3rd DCA 1996) allows the defense to cross-examine a state witness about pending criminal investigations to show bias, self-interest or motive to testify in support of the state’s case. The court ruled accordingly that the defense could ask Traenkner about whether she had been prosecuted for any crime during the pendency of Jervis’ case. The defense agreed with this ruling and asked that question. Traenkner replied in the affirmative. That was the end of the matter.
In any event, we find no error here. This case involves a criminal conviction, not an investigation as did Jean-Mary. Further, the Florida Supreme Court has held that evidence of pending charges against a witness is generally not admissible for impeachment purposes. Fulton v. State, 335 So.2d 280 (Fla.1976).[3] However where, as here, there has been a prior conviction of the witness, and the witness admits to the conviction, only the fact that a conviction occurred can be brought out. Fulton. That is what occurred in this case. Traenkner admitted she had been convicted of a criminal offense, but the nature of the offense was not disclosed to the jury.
With regard to the second point on appeal, that the trial court erred in allowing the deputy to state that Jervis had threatened to kill him after being arrested, we agree this may have been error, but we think in this case it was harmless. The threats occurred after the attack on Traenkner had been concluded and thus were not part of the criminal episode. They appear to have been the product of Jervis’ anger at being arrested and possibly his having imbibed too much alcohol. Thus they were collateral evidence of “bad acts” and thus not procedurally admissible. Jorgenson v. State, 714 So.2d 423 (Fla.1998).
But the evidence concerning Jervis’ attack on Traenkner was overwhelming. Traenk-ner vividly testified as to Jervis’ vicious attack on her. This was supported by the deputy’s testimony and medical testimony. Jervis remained at the scene when the police responded to the 911 call. If error occurred in this régard, it was harmless; we cannot find it contributed in any way to Jervis’ conviction. § 924.051(7), Fla. Stat. (1997); Jackson v. State, 707 So.2d 412, 414-415 (Fla. 5th DCA 1998).
On the third point of error, Jervis argues his scoresheet should have been 103.8 points and not 113.8 points. This discrepancy would have equated to a ten-month shorter recommended sentence. However, this court has taken the view in order to preserve a sentencing error such as this one a defendant must either object at the sentencing hearing or file a rule 3.800(b) motion to correct the error within 30 days of rendition of the sentence. Fla. R.App. P. 9.140(d); Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), rev. granted, 718 So.2d 169 (Fla.1998). Jervis did neither in this case. In fact, at the sentencing hearing the defense appeared to agree with the scoresheet calculation. We do *983 not think this ground was preserved for appellate purposes.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.

. §§ 782.04(1) & 777.04(1 )(4)(c), Fla. Stat. (1997).

. § 316.193, Fla. Stat. (1997).

. There is an exception to this rule if the pending charges against the witness, and the charges for which the defendant is being tried, arose out of the same criminal episode. Fulton v. State, 335 So.2d 280 (Fla.1976).