853 So.2d 1091 (2003)
A.F.E., a minor, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-5146.
District Court of Appeal of Florida, First District.
July 30, 2003.
Rehearing Denied September 10, 2003.
*1092 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
A.F.E., a juvenile, appeals a final order adjudicating him guilty of a delinquent act and sentencing him to placement within a high risk commitment facility. For the reasons that follow, we affirm and certify a question of great public importance.
Appellant and several other juveniles were referred to the Department of Juvenile Justice (DJJ) after a note containing a bomb threat was found in their high school. It was appellant's first referral to the DJJ. He was charged with being a delinquent for violating section 790.163, Florida Statutes (2001), which forbids the making of a false report, with the intent to deceive, concerning the placement of a bomb or explosive device. Appellant did not contest the charge.
In its predisposition report, the DJJ recommended a disposition of probation with an adjudication. The DJJ alternatively recommended that, in the event that the trial court committed appellant, the commitment should be in a moderate risk facility. The trial court declined to impose either recommended commitment. The trial court, noting that probation had not theretofore deterred the rash of bomb threats experienced in Pensacola, committed appellant to the DJJ for placement in a high risk residential commitment facility. The trial court thereafter entered an order of adjudication and disposition in which the court stated that it was departing from the DJJ's recommendation because the recommended restrictiveness level "did not provide sufficient protection for [the] community."
*1093 Appellant's appointed appellate counsel filed a brief with this court pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), thereby representing to this court that counsel could not, in good faith, argue that reversible error occurred below. Counsel did not file a motion to correct the disposition or commitment order pursuant to rule 8.135(b)(2), Florida Rules of Juvenile Procedure.
Our own review of the record raises a concern that, under C.C.B. v. State, 828 So.2d 429 (Fla. 1st DCA 2002), A.C.N. v. State, 727 So.2d 368 (Fla. 1st DCA 1999), and A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999), the disposition order is erroneous because the trial court's departure from the disposition recommendation by the DJJ does not appear to be supported by competent substantial evidence in the record. The state argues on appeal that this court may not consider the propriety of the disposition ordered below, however, because an objection was not specifically made at the time the trial court entered its disposition order and because no motion was filed under rule 8.135(b)(2). Despite our concerns, explained below, we agree and affirm.
In Anders, the United State Supreme Court held that a defendant's Sixth Amendment right to the assistance of counsel, made applicable to defendants in state criminal proceedings through the Fourteenth Amendment, was not satisfied when appointed appellate counsel reported in a letter to the reviewing court that no meritorious issues were presented on appeal. 486 U.S. at 743-4, 108 S.Ct. 2117. The Court has explained that the constitutional requirement to provide adequate and effective appellate review to an indigent defendant is met where the review procedure "reasonably ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." Smith v. Robbins, 528 U.S. 259, 276-7, 120 S.Ct. 746, 759, 145 L.Ed.2d 756 (2000). An appeal in which the appellant files a so-called Anders brief requires the appellate court to conduct "a full and independent review of the record." In re Anders Briefs, 581 So.2d 149, 151 (Fla.1991); see also State v. Causey, 503 So.2d 321, 322 (Fla.1987).
In Washington v. State, 814 So.2d 1187 (Fla. 5th DCA), rev. dismissed, 831 So.2d 675 (Fla.2002), the reviewing court discovered a fundamental sentencing error in an Anders appeal. Despite that fundamental sentencing error, the Washington court concluded that it was constrained to affirm under Maddox v. State, 760 So.2d 89 (Fla. 2000), the Criminal Appeal Reform Act of 1996, and the rules adopted to implement that act. 814 So.2d at 1189. The Washington court, however, reached such a conclusion "with misgivings and concerns for how [it] as an appellate court can faithfully carry out [its] constitutional duties pursuant to Anders and Causey." Id. We share those misgivings and concerns. That a party may seek collateral relief, such as making a claim that he received an ineffective assistance of counsel, is of little practical assistance in juvenile cases, where the sentence imposed may be completed before any relief is granted.
Had appellate counsel found that a good faith basis existed to argue that appellant's disposition was erroneous, competent counsel would have filed a motion pursuant to rule 8.135. Anders and its progeny suggest that an appellate court is not bound by counsel's view of a case when an Anders brief is filed. In re Anders Briefs, 581 So.2d at 151; see also State v. Causey, 503 So.2d at 322-323 ("While courts should not assume the role of appellate counsel, reversible error should not be ignored simply because an indigent appellant or a public defender failed to point it out.").
*1094 The question posed here is whether an appellate court likewise should not be bound by the consequence of counsel's failure to file a motion under rule 8.135, lest independent appellate review under Anders be frustrated.
We acknowledge the dilemma posed in Anders cases when a potentially meritorious issue is not preserved for appellate review. As Judge Warner has observed:
The Anders opinion raises concerns about the appellate court's method of reviewing Anders-type cases. First, Anders draws a distinction between meritless and wholly frivolous cases, as noted by some early critics of the case: "[Anders] is seen as having established a rarefied distinction between appeals which are merely meritless and those which are wholly frivolous. Under Anders, so interpreted, the constitutional guarantee of effective assistance of counsel assures representation to criminal appellants for meritless, but not for frivolous, appeals." Other commentators viewed Anders as addressing solely the manner in which counsel communicates to the court the conclusion that the appeal was meritless, not the conclusion itself. Certainly, the primary concern of appellate counsel has been not in how to communicate the conclusion that an appeal is meritless, but in the very suggestion that a client's case lacks any substance, for that has been seen as contrary to ethical standards requiring zealous representation of the client. In practice, however, issues presented for review in Anders briefs frequently raise questions that cannot be deemed frivolous, even though they will not support a reversal because, for example, a lack of a timely objection fails to preserve the issue for review. This, in and of itself, presents a dilemma for the appellate court. If, for instance, there were a clear error in admitting evidence to which there was no objection, should counsel file an Anders brief noting that the issue is one of arguable merit but is procedurally barred? Or should counsel file a standard brief and compel the State to raise the issue of lack of preservation in the answer brief? In the author's experience, such issues have been presented both ways. Some counsel file an Anders brief that acknowledges lack of preservation and triggers the court's independent review of the entire record. Other counsel file a brief arguing the error but without acknowledging its lack of preservationa brief that prompts an answer brief from the State raising preservation but does not trigger the appellate court's independent duty to review the record for issues of arguable error. Anders thus leads to inconsistency in the presentation of issues to the appellate court, and this results in inconsistency in the method of review by the court.

* * *
Another related issue not fully addressed in the Anders opinion is whether the appellate court's review is limited to the arguable points raised or whether Anders requires the court to raise any issues it finds from the record. The court must decide whether the case is frivolous, but if it finds any legal point arguable on merit, it must require further briefing. If the appellate court's review is limited to the points raised in the appointed counsel's brief, then the appellate court performs its review similarly to that of any other criminal appeal. Certainly, if the court must determine whether the appeal is frivolous, it cannot ignore those issues that would not be frivolous if properly raised by the appellant. But if it considers issues not raised by counsel, then it is performing for the indigent appellant a function that it does not provide for any other class of appellee.
*1095 Martha C. Warner, Anders in the Fifty States: Some Appellants' Equal Protection More Equal Than Others? 23 Fla. St. U.L.Rev. 625, 632-633 (1996)(footnotes omitted).
Notwithstanding these concerns, like our sister court in Washington, we conclude that we are constrained to affirm because the issue of whether the trial court properly departed from DJJ's recommendation has not been preserved and is not cognizable on appeal. Accordingly, the order under review is AFFIRMED. However, we certify as a question of great public importance the following question:
NOTWITHSTANDING MADDOX, SHOULD AN APPELLATE COURT CORRECT A SENTENCING ERROR IN AN ANDERS CASE WHICH WAS NOT PRESERVED PURSUANT TO THE APPLICABLE RULES OF PROCEDURE? IF NOT, WHAT STEPS SHOULD AN APPELLATE COURT FOLLOW TO CARRY OUT THE MANDATES OF ANDERS AND CAUSEY IN SUCH A CASE?
DAVIS and POLSTON, JJ., concur.