IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL GERARD KENDRICK,

        Appellant,

 v.                                         Case No.  5D15-3730

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed July 15, 2016

Appeal from the Circuit Court
for Marion County,
Hale R. Stancil, Judge.

James S. Purdy, Public Defender, and
Kevin R. Holtz, Assistant Public Defender,
Daytona Beach, for Appellant.

Michael Gerard Kendrick, Ocala, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

In this Anders[1] appeal, a review of the record shows no apparent reversible error. See State v. Causey, 503 So. 2d 321 (Fla. 1987). Following a proper plea colloquy, Michael Gerard Kendrick ("Appellant") entered a guilty plea, accepting the trial court's offer of a two-year prison sentence. Appellant never moved to withdraw his plea in the trial court but now seeks a direct appeal challenging the voluntariness of his plea based on the advice of his trial counsel. Because Appellant did not properly preserve this issue for purposes of a direct appeal with the trial court, he must raise the issue through a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Accordingly, we affirm Kendrick's conviction and sentence without prejudice to his ability to file a timely Rule 3.850 motion.

AFFIRMED.

BERGER, WALLIS and LAMBERT, JJ., concur.

---

[1] Anders v. California, 386 U.S. 738 (1967).

2