CONCURRING OPINION BY
GANTMAN, P.J.:
After careful review of the relevant law, I respectfully concur in the result reached in the majority disposition, ie., to affirm the judgment of sentence. I write separately to emphasize that the degree of the appellate court’s independent review of the certified record in Anders cases remains in dispute and subject to disagreement for lack of definition. In my opinion, the procedure outlined in Commonwealth v. Flowers, 113 A.3d 1246 (Pa.Super. 2015) was not essential to its holding and therefore fails to control appellate review in Anders cases.
The majority cites Flowers for the general proposition that the appellate court’s duty in Anders cases is to ensure counsel has met all the obligations owed to the defendant, before counsel can withdraw representation, and to conduct an independent review of the record for any non-frivolous issues, which counsel might have overlooked. The Flowers reference in the majority disposition should not, I think, be considered to indicate a wholesale adoption of the procedure outlined in Flowers for this Court’s independent review, which continués to lend itself to various interpretations.
To illustrate, the general Anders procedure for withdrawal of-counsel consists of two parts — the first part concerns the role of counsel and the second part concerns the role of the reviewing court. Prevailing law makes counsel’s duties clear, but the Flowers majority’s description of the detail and extent of the reviewing court’s independent review exceeds what Anders and its Pennsylvania progeny have required. Flowers encouraged the reviewing court’s comprehensive, in-depth search of the record for any potentially non-frivolous issues overlooked by counsel. In Flowers, however, parts of the record (transcripts) were missing. As a result, the Flowers majority determined counsel did not fulfill his duty to search the record for any non-frivolous issues, where Pennsylvania law makes clear neither counsel nor this Court can satisfy Anders if counsel fails to supply this Court with a complete record. So, the Court pivoted from “the independent review” analysis it described and remanded the case with instructions for counsel to obtain the missing notes of testimony and for a new Anders brief or an advocate’s brief. In so doing, the Flowers majority resolved the appeal without performing the in-depth, independent examination of the record it had outlined arid promoted. Consequently, the Flowers majority’s commentary regarding the required extent of this Court’s review in the Anders context is not binding precedent and fails to represent the governing majority view on the duty to perform an “independent review” of the record in these eases.
Given the history of Anders law, Pennsylvania case law is naturally mixed on the extent/depth of the reviewing Court’s responsibility to search the certified record for non-frivolous issues, which counsel and the appellant might have overlooked. In Commonwealth v. Santiago, 602 Pa. 159, 978 A.2d 349 (2009), the Court specifically declined to address the role of the, reviewing court in that Anders context because Santiago’s appeal concerned counsel’s obli *1010 gations only. Nevertheless, the Court offered the following comparison between Pennsylvania’s and the Seventh Circuit’s approaches:
[I]n Pennsylvania, when counsel meets his or her obligations, “it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.” [Commonwealth v. McClendon, 495 Pa. 467, 471, 434 A.2d 1185, 1187 (1981)]. Compare with [United States v.] Youla, 241 F.3d [296,] 300-01 [(3d Cir. 2001)] (citing United States v. Wagner, 103 F.3d 551, 552-53 (7th Cir. 1996) (explaining that where counsel’s brief appears adequate on its face, court confines its scrutiny on question of frivolity to those issues and portions of record identified by brief and, if filed, appellant’s pro se brief)).
Santiago, supra at 168 n.5, 978 A.2d at 355 n.5.
In many cases, our Court has described its role as one of searching the record for issues of arguable merit outside the Anders brief (and Appellant’s brief if one is filed). See, e.g., Commonwealth v. Goodwin, 928 A.2d 287, 292 (Pa.Super. 2007) (en banc) (stating: “Additionally, we have conducted the independent review of the entire record as required by Anders and have not discerned any other potentially non-frivolous issues”); Commonwealth v. Harden, 103 A.3d 107, 111 (Pa.Super. 2014) (reviewing record for additional potentially meritorious issues and finding one issue worthy of discussion but ultimately frivolous, regarding whether defendant received notice of license suspension as required to sustain conviction for driving while under suspension); Commonwealth v. Palm, 903 A.2d 1244, 1247 (Pa.Super. 2006) (stating: “In addition to examining the sole issue presented by appellate counsel in her Anders brief, we have conducted an independent review of the entire record and we cannot discern any other potentially non-frivolous issues”); Commonwealth v. Vilsaint, 893 A.2d 753, 755 (Pa.Super. 2006) (stating: “Part and parcel of Anders is our Court’s duty to review the record to insure no issues of arguable merit have been missed or misstated”); In re S.M.B., 856 A.2d 1235, 1238 (Pa.Super. 2004) (stating: “The Anders brief filed by counsel raises three issues, all of which advance the same argument: that the inferences and conclusions of the trial court are not supported by the record and law and cannot provide a basis for terminating parental rights. After a thorough and independent review of the entire record, we do not discern any additional issues for appeal”); Commonwealth v. Ferguson, 761 A.2d 613, 616 (Pa.Super. 2000) (stating: “The Anders brief filed by counsel raises three issues of arguable merit. Our independent review of the record does not disclose any additional issues of arguable merit for appeal”).
In other Anders appeals, however, this Court has limited its independent review of the record to confirm the frivolousness of only those issues which counsel and/or the appellant raised. See, e.g., Commonwealth v. Washington, 63 A.3d 797, 800 (Pa.Super. 2013) (stating: “We will now conduct our independent review of the issues raised by counsel and determine, using our own judgment, whether the appeal is wholly frivolous”); Commonwealth v. Martuscelli, 54 A.3d 940, 947 (Pa.Super. 2012) (stating: “We, therefore, turn to the issue presented in counsel’s Anders brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous”); Commonwealth v. Garang, 9 A.3d 237, 240-41 (Pa.Super. 2010) (stating: “As counsel has complied with all of the requirements set forth above, we now proceed to an independent review of the rec-
*1011 ord and the issues counsel stated arguably support an appeal”); Commonwealth v. Wimbush, 951 A.2d 379 (Pa.Super. 2008) (addressing issues in Anders brief and making no reference to review of record for other issues of arguable merit); Commonwealth v. Nischan, 928 A.2d 349, 354 (Pa.Super. 2007), appeal denied, 594 Pa. 704, 936 A.2d 40 (2007) (stating: “[W]e must now conduct our own review of the issues set forth in counsel’s brief to determine if they are frivolous and to decide whether counsel should be permitted to withdraw. Also, because Appellant has exercised his right to file a pro se brief, we review it as well”); Commonwealth v. Wright, 846 A.2d 730, 736 (Pa.Super. 2004) (determining accuracy of counsel’s averment that appeal was wholly frivolous by addressing issues in Anders brief with no indication that Court searched record for other non-frivolous issues); Commonwealth v. Baney, 860 A.2d 127, 130 (Pa.Super. 2004), appeal denied, 583 Pa. 678, 877 A.2d 459 (2005) (stating: “[W]e will address the issues contained in both briefs in fulfillment of our duty to conduct an independent and thorough examination of the record on appeal and our obligation to allow the defendant to raise his own issues pro se. ... We have reviewed the issues contained in the Anders brief, and, after an independent and thorough review of the record, find all issues wholly frivolous. We then reviewed the arguments presented in defendant’s pro se brief and find them to be without merit. Therefore, we permit counsel to withdraw and affirm”).
In some cases where the Anders brief raised issues regarding the discretionary aspects of the appellant’s sentence, the reviewing court explored the record for additional issues but limited the scope of its search to other potential sentencing claims. See, e.g., Commonwealth v. Bishop, 831 A.2d 656, 661 (Pa.Super. 2003) (stating: “Bishop has not presented a substantial question for our review. In accordance with Anders, our independent examination of the record convinces us that there are no other sentencing claims, not advanced by counsel, that would raise a substantial question to permit review of Bishop’s sentence”); Commonwealth v. Titus, 816 A.2d 251, 256 (Pa.Super. 2003) (stating: “Appellant’s claim does not present a substantial question for our review. Moreover, our independent examination of the record has convinced us that there are no other sentencing claims, [which] would raise a substantial question to permit review of Appellant’s sentence”).
Other jurisdictions have a variety of approaches regarding the reviewing court’s role in the Anders process. Our Supreme Court noted in Santiago, supra, the limited approach of the Seventh Circuit Court of Appeals is that the appellate court should confine its review to the issues discussed in the Anders brief as long as the Anders brief is adequate on its face and discusses issues that type of case might be expected to involve, citing Wagner, supra. The Wagner Court justified its more limited approach in the following manner:
The opposite extreme would be for us to comb the record even where the Anders brief appeared to be perfectly adequate, searching for possible nonfrivolous issues that both the lawyer and his client may have overlooked and, if we find them, appointing a new lawyer and flagging the issues we’ve found for him. We have done this on occasion, but have now concluded that it is not a sound practice. It makes this court the defendant’s lawyer to identify the issues that he should be appealing on and to hire another member of the bar to argue the issues that we have identified. The defendant ends up in effect with not one appellate counsel but (if he is lucky) *1012 six — his. original lawyer, who filed the. Anders brief; our law.clerk or staff attorney who scours the record for issues that the lawyer may have overlooked; a panel of this court that on the advice of the law clerk or staff attorney denies the Anders motion and appoints another lawyer for the appellant; the new lawyer. This is overkill, this six-lawyer representation of criminal defendants that we .-have described and today renounce; it gives the indigent defendant more than he could expect had counsel (whether retained or appointed) decided .to press the appeal, since counsel’s decision on which issues to raise on appeal would normally be conclusive. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). If after reviewing all the potential issues counsel decided to brief and argue only one, we would not scour the record looking for the other issues-all the other issues would be deemed waived. The Anders procedure implements the Sixth Amendment right of counsel..., a right to have counsel of minimum professional competence — not to have a committee of counsel including judges of the court of appeals.
Id. at 552 (emphasis added) (some internal citations. omitted). See also Wilson v. State, 40 S.W.3d 192 (Tex.App. 2001) (holding reviewing court.is not obligated to scour record for any possible error in An-ders appeals; court has supervisory role to ensure that indigent appellant has benefit of counsel on appeal; court is not required to act as appellant’s advocate). But see A.L.L. v. People, 226 P.3d 1054, 1063 (Colo. 2010) (stating: “To properly consider ap appointed appellate attorney’s motion to withdraw, an appellate court must both thoroughly review the record in order to ensure counsel- has not missed any appeal-able issues and consider — at least to some extent — the merits of any issues the court identifies in the record or that the attorney has identified in her briefs”).
At least one state has taken a middle road to the process of the reviewing court’s duty to make an-independent review of the record; in State v. Causey, 503 So.2d 321 (Fla. 1987); the Florida Supreme Court held that Anders does not require the appellate court to conduct a “fine tooth comb” level of review beyond the issues identified in the Anders brief. Under Florida’s approach, the court must examine the record independently to the extent necessary to discover any additional arguably meritorious issues apparent on the face of record. See id.
The Pennsylvania Supreme Court has yet to give detailed instructions on how extensive the reviewing Court’s “independent examination of the proceedings” in Anders appeals should be. The brief footnote in Santiago seems to suggest the reviewing Court’s examination of the record should extend beyond those issues identified by counsel or the appellant, but the Court provided no further clarification. See Santiago, supra at 168 n.5, 978 A.2d at 355 n.5, Flowers is the only case that tries to address the issue but the case commentary regarding the necessary extent of this Court’s exhaustive issue-searching in the Anders context was neither essential to its holding nor prece-dential for future cases. Thus, we have no governing majority view on this particular topic.
The Flowers majority’s description of this Court’s “independent review” exceeds what Anders and its Pennsylvania progeny require and raises significant concerns with respect to its,feasibility and fairness to all defendants generally. For example, the Flowers approach, invites the reviewing Court to raise issues that trial counsel failed to preserve and appellate counsel could not then pursue on. appeal because *1013 those issues had been waived for appeal and must wait to be raised under the rubric of ineffectiveness of counsel, which typically cannot be done until a PCRA proceeding. Likewise, as the Flowers dissent observed, in appeals where counsel files an advocate’s brief, this Court does not comb the record to uncover any non-frivolous arguments counsel failed to raise. Instead, counsel’s decision on which issues to pursue on appeal is typically treated as conclusive. See Jones, supra. Thus, strict application of the majority’s view in Flowers would unfairly benefit defendants in Anders appeals to the detriment of defendants whose counsel file an advocate’s briefs. Nevertheless, the “purpose of Anders is to provide equal, not extra, representation to indigent defendants, regardless of their counsel’s assessment of the merits of their appeals.” Flowers, supra at 1252 (Strassburger, J., dissenting). In light of Anders’ overall purpose, it is no mystery why almost all Pennsylvania case law interpreting Anders relates to counsel’s role in the process. Anders sought to en-surtj; that counsel meets all obligations to the defendant before. withdrawing representation. This Court’s review function is to ensure that counsel fulfills that role, not to act as counsel’s second chair. At the same time, this Court should not simply confine its review of the record in Anders appeals solely to the issues counsel and/or the appellant raises.
Therefore, I recommend a reasonable middle ground: No doubt, the reviewing Court must confirm counsel has complied with all the technical and substantive requirements of Anders. Among those requirements, counsel must provide a complete record, as counsel’s failure to do so would indicate counsel did not search the entire record for any potentially non-frivolous issues. Next, this Court must review the entire record as it must do in every case, but especially with respect to the issues raised in the Anders brief (and any supplemental brief). The Court should also look for other issues that appear on the face of the record which this Court can raise sua sponte, e.g., legality of sentence, jurisdiction of the trial court or the reviewing Court, and whether counsel or the appellant have misrepresented the law or the facts of the case when presenting the appellate issues. At that point, in my opinion, the Court has fulfilled its duty in the Anders context. If the reviewing Court determines any of these issues are actually non-frivolous, the Court must deny counsel’s petition to withdraw and remand with directions for an advocate’s brief. Absent obvious flaws, the Court, can conclude that the appeal as presented is wholly frivolous, grant counsel’s petition to withdraw, and affirm the judgment. Based oñ thé foregoing, I do not think Flowers controls appellate review in Anders cases. To the extent the majority opinion lends authority or support to Flowers in this regard, I must limit my agreement and concur only in the result of the majority opinion.