FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2475

_____

KEITH G. PERRY,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition Alleging Ineffective Assistance of Appellate Counsel—
Original Jurisdiction.


August 28, 2024


TANENBAUM, J.

Keith Perry submitted a petition averring that his appellate counsel was ineffective for filing an *Anders* brief in his direct appeal. In that brief, counsel stated she was "unable to argue reversible error," asking that Perry be allowed "a reasonable period of time in which to file a pro se brief." Perry in fact did file his own brief. This court affirmed without opinion.

The petition now before us is deficient on its face, as it fails to state even an arguable basis for relief. Florida Appellate Rule of Procedure 9.141(d)(4)(F) requires the petitioner to swear to "specific acts . . . that constitute the alleged ineffective assistance of counsel." What is the act Perry specifies? The failure by his

appellate counsel "to take a 'Conscientious examination' of the record and [to] decide[] to file an Anders Brief without following the rules under [] Anders." This assertion is entirely obviated by the *Anders* process mandated by the supreme court. *See State v. Causey*, 503 So. 2d 321, 322 (Fla. 1987) (requiring district courts to "examine the record to the extent necessary to discover any errors apparent on the face of the record" upon receipt of *Anders* brief); *In re Anders Briefs*, 581 So. 2d 149, 151 (Fla. 1991) (providing that, "[u]pon counsel's submission of the motion to withdraw accompanied by an *Anders* brief, the indigent must be given the opportunity to file a pro se brief," after which, the district court of appeal "assumes the responsibility of conducting *a full and independent review of the record* to discover any arguable issues apparent on the face of the record" (emphasis supplied)).

Perry essentially is asking us to afford him review he already received under that process. Indeed, not only did he already get a comprehensive record-review from us, as required by the supreme court, but he also received additional consideration once he filed a motion for rehearing in the underlying appeal. He cannot use the petition made available by rule 9.141(d)(4) to get yet another bite at the apple.

DISMISSED.

B.L. THOMAS and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Keith G. Perry, pro se, Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.