NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2009
Decided January 4, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-4289

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 08 CR 50009-1 |
| DOUGLAS HILL, *Defendant-Appellant*. | Frederick J. Kapala, *Judge*. |

**O R D E R**

Douglas Hill pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 84 months' imprisonment. Hill appeals, but his appointed lawyers move to withdraw because they are unable to identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Hill has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

After his indictment Hill moved to suppress the gun on the ground authorities lacked reasonable suspicion for the stop and frisk which resulted in its discovery. *See Terry v. Ohio*, 392 U.S. 1 (1968). At the evidentiary hearing on Hill's motion, the district court

heard testimony from two sheriff's deputies, Dominick Barcellona and Eric Pearson. Barcellona testified that in January 2008 he and Pearson, along with two other officers, responded to a 911 call from a woman who reported that her boyfriend, Hill, had chased her out of her house and was shooting at her. Barcellona stated that they arrived at the caller's home within half an hour of her 911 call. According to Pearson, Hill emerged from the garage of the house and gestured toward something in his coat pocket. Pearson testified that he ordered Hill to the ground, handcuffed him, patted him down for weapons, and retrieved a handgun from his coat pocket. After the hearing the district court denied Hill's motion to suppress, concluding that the 911 call provided the officers with reasonable suspicion. Hill's conditional guilty plea allows him to challenge this ruling.

Counsel first consider whether Hill could challenge the seizure of the gun from his pocket on the ground that Deputy Pearson did not have reasonable suspicion to conduct a pat-down search. *See Terry*, 392 U.S. at 27; *United States v. Lawshea*, 461 F.3d 857, 859 (7th Cir. 2006). In evaluating the district court's ruling, we would review de novo all questions of law, including the existence of reasonable suspicion. *See Lawshea*, 461 F.3d at 859; *United States v. Johnson*, 383 F.3d 538, 542 (7th Cir. 2004). Hill had argued in the district court that he was stopped on the basis of an "anonymous tip," but his girlfriend was not anonymous, *see United States v. Drake*, 456 F.3d 771, 774 (7th Cir. 2006), and in any event we have held that even anonymous 911 calls can be sufficiently reliable to give police reasonable suspicion, *see United States v. Wooden*, 551 F.3d 647, 650 (7th Cir. 2008); *United States v. Hicks*, 531 F.3d 555, 559-60 (7th Cir. 2008). The caller, it is true, did not give her name, but she identified Hill as her boyfriend and gave the address of her house where the shots had been fired. The officers, therefore, had sufficient information to believe that a shooting had just occurred at or near the caller's address. *See United States v. Brewer*, 561 F.3d 676, 678 (7th Cir.), *cert. denied*, 2009 WL 1980949 (2009). Moreover, the fact that Hill gestured toward his pocket when the officers approached him provided the officers with even more justification for searching him. *See United States v. DeBerry*, 76 F.3d 884, 885 (7th Cir. 1996). Thus, we agree with counsel that any potential claim that Deputy Pearson lacked reasonable suspicion for the pat-down search would be frivolous.

Counsel also consider whether Hill could argue that his guilty plea was not knowing and voluntary. Because Hill did not move to withdraw his plea in the district court, any challenge would be reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). In assessing the plea colloquy, Hill's lawyers perceive only one omission: the district court's failure to mention that Hill might have to pay restitution. But restitution was neither contemplated nor ordered, so we agree with counsel that this omission would not rise to the level of plain error, and any potential challenge to Hill's guilty plea on that basis would be frivolous.

Finally counsel consider whether Hill could argue that an 84-month prison sentence is unreasonable because the district court judge stated that the sentence would be consecutive to Hill's sentence in state court that had yet to be imposed. Although the district court may not require a sentence to be served consecutively to a state sentence that will be imposed in the future, *Romandine v. United States*, 206 F.3d 731, 738-39 (7th Cir. 2000), the district court's error in this case would be harmless. The district court's sentence would be presumptively reasonable because it sentenced Hill within the properly calculated guidelines range of 77 to 96 months. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The sentencing transcript shows that the district court adequately considered all of factors listed in 18 U.S.C. § 3553(a). *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). Moreover, based on Hill's 35 criminal history points, pending charges in 2 states, and 45 arrests for charges that were dismissed or for which dispositions were unknown, the district court could have easily imposed an above-guidelines sentence. *See United States v. Jackson*, 547 F.3d 786, 794 (7th Cir. 2008). Thus, we agree with counsel that any potential challenge to Hill's sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.