**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4143**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ABBY WILMOTH, a/k/a Abby Jones,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:13-cr-00053-RLV-DCK-9)

Submitted: August 23, 2016        Decided: August 29, 2016

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abby Wilmoth appeals the downward variance 120-month sentence imposed upon her guilty plea to one count of conspiracy to distribute, possess with intent to distribute, and manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012); one count of possession and distribution of pseudoephedrine, in violation of 21 U.S.C. §§ 802(34)(K), 841(c)(2) (2012); three counts of possession of materials to make methamphetamine, in violation of 21 U.S.C. § 843(a)(6), (d)(2) (2012); and three counts of maintaining a premises for manufacturing and distributing methamphetamine, in violation of 21 U.S.C. § 856(a)(1) (2012). On appeal, Wilmoth's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there were no meritorious grounds for appeal but questioning the validity of Wilmoth's guilty plea and the reasonableness of her sentence. Wilmoth did not file a supplemental pro se brief despite being advised of her right to do so. We directed supplemental briefing on whether the district court properly applied a sentencing enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(13)(C)(ii) (2014), for creating a substantial risk of harm. We affirm.

Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); United

States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).  Although there were minor omissions in the Rule 11 colloquy conducted by the magistrate judge, we conclude that these minor omissions did not affect Wilmoth's substantial rights.  See United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (stating that, to demonstrate effect on substantial rights in Rule 11 context, defendant "must show a reasonable probability that, but for the error, [s]he would not have entered the plea" (internal quotation marks omitted)).  Moreover, the district court confirmed at sentencing that Wilmoth's plea was knowing, voluntary, and supported by a sufficient factual basis.

We review the reasonableness of a sentence for abuse of discretion.  United States v. Martinovich, 810 F.3d 232, 242 (4th Cir. 2016).  We first review for procedural error, such as improper calculation of the Sentencing Guidelines range.  Gall v. United States, 552 U.S. 38, 51 (2007).  "Upon a finding of a procedural error, the error shall be subject to harmlessness review."  Martinovich, 810 F.3d at 242.  Here, although the district court failed to explain its consideration of the relevant factors in applying a sentencing enhancement for creating a substantial risk of harm, see USSG § 2D1.1 cmt. n.18(B)(i), we conclude that the procedural error is harmless in light of the court's imposition of the applicable statutory mandatory minimum sentence of 120 months' imprisonment.

3

Next, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . , tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Here, we conclude that Wilmoth cannot overcome the presumption of substantive reasonableness accorded her downward variant sentence.

In accordance with Anders, we have reviewed the entire record in this case and found no meritorious issues for appeal, other than the risk enhancement issue, which we conclude fails harmless error review. We therefore affirm the judgment of the district court. This court requires that counsel inform Wilmoth, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilmoth requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilmoth. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED