IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RONALD DUBUC,

       Appellant,

 v.                                         Case No.  5D21-2969
                                            LT Case No. 2018-001256-CF

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed August 19, 2022

Appeal from the Circuit Court
for Putnam County,
Howard O. McGillin, Jr., Judge.

Terry P. Roberts, of Law Office of
Terry P. Roberts, Tallahassee, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Deborah A.
Chance, Assistant Attorney General,
Daytona Beach, for Appellee.


PER CURIAM.

In this *Anders*[1] appeal, we affirm the judgment and sentence imposed by the trial court on the sole count following Appellant's nolo contendere plea to a "time served" sentence. However, we remand with directions that an amended judgment be entered to correct two clerical errors.

First, the judgment reflects that it is a "VOP"[2] judgment. This was not a VOP case, so the reference to VOP is to be deleted. Second, the judgment should reflect the correct statutory citation of section 943.0435(3)(a), Florida Statutes.

AFFIRMED; REMANDED with directions.

LAMBERT, C.J., and EDWARDS, J., concur.
EISNAUGLE, J., concurs in part, dissents in part, with opinion.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] VOP is short for violation of probation.

EISNAUGLE, J., concurring in part and dissenting in part.

I agree that the judgment and sentence must be affirmed.  However, I dissent from the majority's remand for correction of a scrivener's error in the title of the judgment.  Our *Anders* review is limited to *reversible* error that appears on the face of the record.  *See State v. Causey*, 503 So. 2d 321, 322–23 (Fla. 1987) (holding that once appointed counsel files an *Anders* brief, an appellate court has the duty to independently review the entire record "to the extent necessary to discover any errors apparent on the face of the record" and, if a potential reversible error is found, to direct that briefs be submitted prior to rendering decision).  Considering the substance of the judgment, this scrivener's error, which appears only in the title, is harmless to Appellant and is therefore outside of the scope of our *Anders* review.  *See, e.g.*, *United States v. Wilmoth*, 668 F. App'x 455, 457 (4th Cir. 2016) ("In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal, other than the risk enhancement issue, which we conclude fails harmless error review."); *United States v. Hill*, 358 F. App'x 729, 731 (7th Cir. 2010) (applying harmless error analysis to potential error in *Anders* case).