IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DAROUS JAMES BUSH,

     Appellant,

v.                                  Case No.  5D22-1710
                                       LT Case No. 2020-304834-CFDB

STATE OF FLORIDA,

     Appellee.
_____/

Opinion filed January 20, 2023

Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano, Judge.

Matthew J. Metz, Public Defender,
and Joshua Mosley, Assistant Public
Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

In this *Anders*[1] appeal, we affirm, without further comment, the judgment and sentences imposed by the trial court. However, we remand for the entry of an amended judgment to correct a clerical error to show that Appellant entered a plea of guilty, not nolo contendere, to the crimes for which he was convicted.

AFFIRMED; REMANDED to correct clerical error.

LAMBERT, C.J., and WALLIS, J., concur.
EISNAUGLE, J., concurs in part, dissents in part, with opinion.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

EISNAUGLE, J., concurring in part, dissenting in part.

I agree that we must affirm Appellant's judgment and sentence. However, I would not correct the clerical error here because our limited *Anders* review does not include correction of harmless error. *See State v. Causey*, 503 So. 2d 321, 322–23 (Fla. 1987) ("While courts should not assume the role of appellate counsel, *reversible* error should not be ignored simply because an indigent appellant or a public defender failed to point it out." (emphasis added)); *see also United States v. Wilmoth*, 668 F. App'x 455, 457 (4th Cir. 2016) ("In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal, other than the risk enhancement issue, which we conclude fails harmless error review."); *United States v. Hill*, 358 F. App'x 729, 731 (7th Cir. 2010) (applying harmless error analysis to potential error in *Anders* case).