# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

Case No. 5D2024-0888
LT Case No. 2021-CF-000940-A

GERALD PAUL QUAIF,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

On appeal from the Circuit Court for Sumter County.
Mary P. Hatcher, Judge.

Matthew J. Metz, Public Defender, and Jane Almy, Assistant
Public Defender, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca
Rock McGuigan, Bureau Chief, Daytona Beach, for Appellee.

January 23, 2026

EISNAUGLE, J.

In this *Anders*[1] appeal, we find no reversible error and affirm
Gerald Paul Quaif's judgment and sentence. We write briefly to
explain why we do not remand for the correction of a harmless
clerical error appearing in Appellant's sentence.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

The written sentence imposes fines for each of Appellant's convictions, along with a five percent surcharge on each fine. However, the sentence incorrectly cites section 960.25, Florida Statutes, as authority for the surcharge. While section 960.25 no longer exists, authority for the surcharge is found in section 938.04, Florida Statutes.

This error is clearly harmless to the defendant. Nevertheless, our court has, from time to time, corrected harmless clerical errors in *Anders* cases. *See, e.g.*, *Bush v. State*, 354 So. 3d 626, 626 (Fla. 5th DCA 2023) (correcting "a clerical error to show that Appellant entered a plea of guilty, not nolo contendere"); *Dubuc v. State*, 345 So. 3d 961, 962 (Fla. 5th DCA 2022) (correcting a clerical error in the title of the judgment); *see also Bailey v. State*, 350 So. 3d 753 (Fla. 4th DCA 2022) (remanding for correction of a cost citation); *Echavarria v. State*, 270 So. 3d 527, 528 (Fla. 2d DCA 2019) (remanding for correction of a cost citation).

Although we have done so in practice, our decisions do not identify any authority for an appellate court to sua sponte correct harmless clerical errors in a defendant's paperwork. Indeed, correcting a harmless error is not authorized by the *Anders* procedure set forth in *State v. Causey*, 503 So. 2d 321 (Fla. 1987). *See Williams v. State*, 422 So. 3d 1155, 1164 (Fla. 5th DCA 2025). In *Causey*, the Florida Supreme Court established our *Anders* procedure, instructing that, "[w]hile courts should not assume the role of appellate counsel, *reversible* error should not be ignored simply because an indigent appellant or a public defender failed to point it out." 503 So. 2d at 322–23 (emphasis added).

The federal courts concur, declining to correct harmless errors in *Anders* cases. *See, e.g.*, *United States v. Wilmoth*, 668 F. App'x 455, 457 (4th Cir. 2016) ("In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal, other than the risk enhancement issue, which we conclude fails harmless error review."); *United States v. Hill*, 358 F. App'x 729, 731 (7th Cir. 2010) (applying harmless error analysis to potential error in *Anders* case).

While decisions like *Bush* and *Dubuc* permit a panel of our court to correct harmless clerical errors in *Anders* cases, we are not

aware of any decision holding that correcting such an error is mandatory.[2] As such, we now hold that correcting a clerical error that is harmless to the defendant in an *Anders* case is, at most, discretionary. We therefore decline to correct the statutory citation for the five percent surcharge in this case.

Given that our decision today, and decisions like *Bush* and *Dubuc*, will likely evade review, we direct the Clerk of this court, pursuant to Florida Rule of General Practice and Judicial Administration 2.140(2) and (3), to refer this opinion to the Clerk of the Florida Supreme Court and the Appellate Court Rules Committee of The Florida Bar for consideration of a rule amendment clarifying the scope of an appellate court's *Anders* review.

AFFIRMED.

KILBANE, J., concurs.
WALLIS, J., concurs in part, dissents in part, with opinion.

---

[2] *See Gadson v. State*, 50 Fla. L. Weekly D2314a (Fla. 5th DCA Oct. 24, 2025) ("As our supreme court explained nearly a century ago, 'no decision is authority on any question not raised and considered, although it may be involved in the facts of the case.'" (quoting *State v. Du Bose*, 128 So. 4, 6 (Fla. 1930))); *see also Deblois v. Dominguez*, 390 So. 3d 51, 54 n.5 (Fla. 3d DCA 2023) ("The general rule is that issues, even jurisdictional issues, lurking in the record but not addressed do not bind the court in later cases." (citation and internal bracket omitted)); *Physicians Med. Ctrs. v. Allstate Fire & Cas. Ins. Co.*, 335 So. 3d 1284, 1289 (Fla. 1st DCA 2022) ("[I]f an issue is not argued, or though argued *is ignored by the court*, or is reserved, the decision does not constitute a precedent to be followed[.]" (citation omitted)).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

WALLIS, J., concurring in part, dissenting in part.

I concur with the majority's affirmance of the appellant's judgment and sentence. I respectfully dissent, however, to the majority's declination to remand for correction of the statutory citation. I would instead follow this court's prior precedents in remanding for correction of such error in *Anders* cases. *See Dubuc v. State*, 345 So. 3d 961, 962 (Fla. 5th DCA 2022) (affirming judgment and sentence but remanding with directions to correct statutory citation in judgment); *Walker v. State*, 357 So. 3d 724, 725 (Fla. 5th DCA 2022) (same); *Torres v. State*, 293 So. 3d 634 (Fla. 5th DCA 2020) (same).